Christopher SMITH and Laura
Smith, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and Does 1–30, Defendants.

No. Civ. 01–166.

United States District Court,
S.D. California.

April 3, 2001.

Luce, Forward, Hamilton & Scripps LLP, by Peter H. Klee, Seth M. Friedman, San Diego, CA, for Allstate Ins. Co.

## ORDER GRANTING DEFENDANT ALLSTATE'S MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION FOR FRAUD

RHOADES, District Judge.

### I. Overview

Plaintiffs Christopher and Laura Smith ("Plaintiffs") filed suit in California state court against Defendants Allstate Insurance Company and Does 1–30 alleging three causes of action: (1) breach of duty of fair dealing and good faith; (2) fraud; and (3) declaratory relief. Defendant Allstate Insurance Company ("Allstate") removed this action to federal court under 28 U.S.C. § 1441(a) and then moved to dismiss Plaintiffs second cause of action for fraud. The Court has jurisdiction under 28 U.S.C. § 1332. For the reasons state below, the Court grants Allstate's motion.

### II. Background [1]

On May 1, 2000, Plaintiffs purchased a homeowner's insurance policy from All-

1. The Court takes the following statement of facts from the parties' briefs and Plaintiffs

state. (Compl.¶ 3, Ex. A.) The policy stated that Allstate would indemnify Plaintiff for fire damage to their home and that Plaintiffs would be "in good hands" with Allstate if they suffered a loss. (Compl.¶ 12.) On May 6, five days after purchasing the insurance policy, Plaintiffs' home suffered extensive fire damage. (Compl.¶ 5.) The next day, Plaintiffs made a claim for indemnification. (Compl.¶ 6.)

According to Allstate, the cause of the fire is unknown. (Def. Motion at 1.) An arson investigator for the local sheriff's office has found no accidental cause for the fire. (*Id.*) Allstate was investigating the cause of the fire when Plaintiffs' filed suit. (*Id.*)

## III. Discussion

### A. Legal Standard: Fraud

■ Plaintiff's Second Cause of Action alleges fraud against Allstate. In diversity cases where the cause of action is fraud, the substantive elements of fraud are determined by state law. *See Moore v. Brewster,* 96 F.3d 1240, 1245–46 (9th Cir. 1996). These elements, however, must be pleaded in accordance with Fed.R.Civ.P. 9(b). *See* id.

■ Under California law, a cause of action for fraud requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; (4) resulting damages. *See Wilkins v. NBC,* 71 Cal.App.4th 1066, 84 Cal. Rptr.2d 329, 337 (1999).

In this case, Plaintiffs argue that Allstate's failure to honor their insurance claim and to explain why payment has not been made "supports the factual inference that Allstate never intended to honor the

Complaint. The Court expresses no view on the accuracy of those facts contained in the briefs. The Court assumes, for the purposes

promises it made to [P]laintiffs when the coverage was sold." (Opp. at 4.) Allstate's actions, Plaintiffs conclude, is "evidence of fraud and intent not to honor its promises when originally made." (Opp. at 3).

■ Plaintiffs' claim appears to fall within a subset of fraud called "promissory fraud." Promissory fraud permits a plaintiff to state a cause of action in tort when a defendant fraudulently induces him to enter into a contract. *See Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). Although failure to perform a contract does not constitute fraud, a promise made without intention to perform can be actionable fraud. *See Locke v. Warner Bros., Inc.,* 57 Cal. App.4th 354, 367, 66 Cal.Rptr.2d 921 (1997). This fraudulent intent cannot be proven, however, by simply pointing to the defendant's subsequent failure to perform as promised. *See Tenzer v. Superscope, Inc.,* 39 Cal.3d 18, 30–31, 216 Cal.Rptr. 130, 702 P.2d 212 (1985).

### B. Legal Standard: Pleading Fraud

■ Federal procedural rules govern Plaintiffs' pleadings in this case. *See Moore,* 96 F.3d at 1245–46. Under Rule 9(b), all claims of fraud must be pleaded "with particularity." The Ninth Circuit has identified two aspects of this particularity requirement. *See In re GlenFed, Inc., Sec. Lit.,* 42 F.3d 1541, 1547–48 (9th Cir.1994). First, the plaintiff's allegations must identify the time, place and content of the alleged misrepresentation so that the defendant can identify the statement. *Id.* Second, the plaintiff must plead facts explaining why the statement was false when it was made. *Id.* at 548. A plaintiff can satisfy this requirement in a number of ways: by pointing to inconsistent con-

of this motion, that the facts alleged in the Plaintiff's Complaint are true.

temporaneous statements or information which was made by or available to the defendant, *id.;* later statements made "by the defendant along the lines of 'I knew it all along.'" *Id.* at 1549 n. 9.

■ As a consequence of this second requirement, the plaintiff is precluded from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made. *Id.*

■ When applying Rule 9(b)'s heightened pleading requirements to determine whether a complaint should be dismissed for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff. *See Parks School of Business v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1997). A complaint should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Although the Court assumes the facts alleged are true, it need not assume the truth of any legal conclusions pled by the plaintiff simply because they are cast in the form of factual allegations. *See Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

## C. Analysis of Plaintiff's Second Cause of Action

Plaintiff's Second Cause of Action contains the following allegations of fact:

- Allstate, through its written sales presentations and homeowner's insurance policy, agreed to indemnify Plaintiffs' home against fire damage. (Compl.¶ 12.)
- The insurance policy stated that Plaintiffs' would be in "good hands" with Allstate. (Compl.¶ 12.)

- Allstate made these representations to induce Plaintiffs to enter into the homeowner's insurance policy. (Compl.¶ 13.)
- Allstate never intended to honor these representations. (Compl.¶ 13.)
- Allstate has yet to pay any of Plaintiffs' dwelling losses, (Compl.¶ 14.)

From these allegations, Plaintiffs claim that Allstate never intended to honor its contractual promises or promises to treat Plaintiffs with "good hands."

■ First, with respect to the contractual promises claim, Plaintiff's pleadings merely specify the time, place, and manner of Allstate's representations. These pleadings fail to specify facts from which the Court can infer that the alleged misrepresentations were actually false at the time they were made. Plaintiffs dispute this conclusion, arguing that

Allstate promised in writing to indemnify [P]laintiffs if they suffered a loss to their home, that a loss occurred on May 6, 2000, and that Allstate has since that day and every day thereafter to the present date refused to honor its promise of indemnification and has refused to provide [Plaintiffs] with *any* explanation as to why payment has not been made. This evidence, standing alone, supports a factual inference that Allstate never intended to honor the promises it made to [P]laintiffs when the coverage was sold.

(Opp. at 4 (emphasis in original).)

This argument is specious. It assumes that the alleged breach of contract can be used as evidence that Allstate never intended to honor the contract, thereby committing fraud. Such an assumption is unwarranted because it contradicts the heightened pleading requirements of Rule

9(b) and would allow "every breach of contract [to] support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise." *Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211 *5 (N.D.Cal. Mar. 9, 2000) (citations omitted).

Plaintiffs' Second Cause of Action contains no facts (besides the alleged breach of contract) suggesting that Allstate's representations were false at the time they were made. Accordingly, this basis for the Second Cause of Action is dismissed for failing to comply with Rule 9(b).[2]

■■■■■ Turning next to the "good hands" claim, Plaintiffs argue that Allstate misrepresented to them that they would be "in 'good hands' if they suffered a loss of their home." (Opp. at 2.) Representations of opinion are ordinarily not actionable for fraud because they contain judgments of quality, value, authenticity, or other matters of judgment. *See* Witkin, *Summary of Cal. Law: Torts* 678 (9th ed.1988) (citing *Restatement (Second) of Torts* § 538 A (1976)). Sales talk and advertising slogans are examples of such nonactionable statements. *See Padgett v. Phariss*, 54 Cal. App. 4th 1270, 1284, 63 Cal.Rptr.2d 373 (1997); *see generally* Prosser & Keeton, *Torts*, § 109 (5th ed.1984). They are "loose general statements made by sellers in commending their wares ... [and upon which] no reasonable man would rely." Prosser, *supra*. Allstate's "good hands"

slogan lacks the meaningful specificity necessary to be considered a representation of fact. *See Rodio v. Smith*, 123 N.J. 345, 587 A.2d 621, 624 (N.J.1991) (finding that Allstate's "You're in good hands with Allstate" slogan is not a statement of fact, and therefore cannot rise to the level of common law fraud). Accordingly, this basis for Plaintiff's Second Cause of Action is dismissed.

## IV. Conclusion

For the reasons stated above, Plaintiff's Second Cause of Action is dismissed. Plaintiff's allegation that Allstate never intended to honor its contractual obligation to indemnify them fails to meet Rule 9(b)'s heightened pleading requirement. Plaintiff's allegation that Allstate's failed to honor its promise to keep them in "good hands" fails because, under California law, this is not a statement of fact and therefore not actionable for misrepresentation.

IT IS SO ORDERED.

---

**2.** Plaintiffs also argue that their complaint contains enough information so that Allstate "understands the allegations and does have the ability to answer them." (Opp. at 4). This sort of argument lacks merit. It was specifically rejected by the Ninth Circuit in *In re GlenFed*. *See* 42 F.3d at 1547 (holding that Rule 9(b) requires more of plaintiffs' complaint than simply giving defendants notice; it imposes "an additional obligation on plaintiffs: the statement of the claim must *also* aver with particularity the circumstances constituting the fraud") (emphasis in original) (citations omitted). As discussed above, Plaintiffs fail to specify why Allstate's representations were false at the time they were made.