**Jerry David SEMAAN, Plaintiff—Appellant,**

v.

**IGT, dba Mega Jackpots, dba Nevada–IGT Inc., Defendant—Appellee.**

No. 03–56016.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.*

Decided March 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Donald J. Loftus, The Loftus Law Firm, San Diego, CA, for Plaintiff–Appellant.

Mark E. Ferrario, Esq., Meridith Strand Strand, Esq., C. Dean Homayouni, O'Reilly & Ferrario, LLC, Las Vegas, NV, for Defendant–Appellee.

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Plaintiff–Appellant Jerry David Semaan ("Semaan") won a $644,049.29 jackpot on a progressive slot machine operated by Defendant–Appellee IGT ("IGT"). The parties dispute how much IGT owes Semaan as a result of this jackpot win. Applying California law, the district court issued summary judgment for IGT on Semaan's breach of contract and fraud claims. We affirm.

■ As a preliminary matter, we find that the district court did not abuse its discretion by considering the exhibits that were submitted with IGT's motion for summary judgment. IGT's initial failure to verify the exhibits was cured. Even if it had not been, "reversal is only appropriate if the error was prejudicial." *Sea–Land Serv., Inc. v. Lozen Intern.*, 285 F.3d 808, 813 (9th Cir.2002). In this case, Semaan's deposition authenticates the exhibits and he does not argue that they are not authentic or admissible. *See Hal Roach Studios*, 896 F.2d 1542, 1551 (9th Cir.1989) (holding that the district court's error in considering an unauthenticated document was harmless because it was not *per se* inadmissible and could be authenticated).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Consideration of the exhibits does not constitute prejudicial error.

We now turn to our *de novo* review of the district court's rulings on summary judgment:

## I. *Breach of Contract Claim*

■ The contract between the parties was established when Semaan accepted the terms of IGT's unilateral offer by playing its slot machines. The parties do not dispute that a contract was formed; they dispute the terms of the contract. These terms were established by the signage around the machine. Most importantly, the face of the slot machine contained a placard with this language: "Progressive jackpot paid in equal installments. First installment paid upon validation of win. Balance paid in 25 annual installments." Semaan argues that this proviso conflicts with larger, more prominently placed signs, and is therefore unenforceable.

However, these other signs on the slot machine Semaan was playing cannot reasonably be interpreted to promise immediate payout. These displays included a sign announcing the current jackpot and a sign that said: "Machine pays up to 400 coins. All other wins paid by attendant." The district court correctly noted that the contract terms were not ambiguous:

> Nothing in the larger signs on the machine said that the total amount will be paid immediately. All the signage indicated was the amount of the jackpot and the amount immediately available from the machine in coins. The only sign that dealt with the pay-out structure stated that the payment would be made in installments.

Dist. Ct. Order. Because "[s]ummary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning," the court properly entered summary judgment in this case. *Kassbaum v. Steppenwolf Prods. Inc.*, 236 F.3d 487, 491 (9th Cir.2000).

There is no genuine issue of material fact as to the terms of the contract between IGT and Semaan. IGT owed Semaan the amount of the jackpot—$644,049.29—paid in twenty-six annual installments. As an alternative to $644,049.29 paid in installments, IGT offered Semaan a one-time payment of $253,512.43,[1] which he accepted. This check fulfilled IGT's obligations to Semaan. IGT consequently did not breach its contract with Semaan.[2]

## II. *Fraud Claim*

Semaan argues that the size and placement of the equal installments proviso demonstrates fraudulent intent on the part of IGT. The elements of fraud in California are: 1) a knowingly false representation by the defendant; 2) made with intent to deceive or induce reliance by the plaintiff; 3) justifiable reliance by the plaintiff; and 4) resulting damages. *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1152 (S.D.Cal.2001).

■ As is discussed above, no signage on or around the slot machine indicated that there would be immediate payment. To the contrary, the placard next to the payment slot clearly stated that payment would be made in twenty-six installments. Thus, there is no evidence that IGT affirmatively misrepresented its methods of

---

**1.** This amount was the discounted present value of $644,049.29, or $278,283.56, minus the $24,771.13 check Semaan had already received as payment for the first installment.

**2.** Because we find that IGT has fulfilled its contractual obligations to Seeman, we need not consider its affirmative defense of accord and satisfaction.

payment. We concur with the district court's conclusion that Semaan "failed to satisfy the elements of fraud, most importantly, that of a knowing false representation." Dist. Ct. Order. Semaan has not raised a genuine issue of material fact regarding IGT's alleged misrepresentations, so his fraud claim fails as a matter of law.

AFFIRMED