### Alison MILLER and Cecily Callan, Plaintiffs,

v.

### ALLSTATE INSURANCE COMPANY, and Does 1 to 500, Defendants.

### No. 07CV156 W(AJB).

United States District Court, S.D. California.

June 7, 2007.

Luce, Forward, Hamilton & Scripps LLP by Peter H. Klee and Seth M. Friedman, San Diego, CA, for Defendant Allstate Insurance Company.

## ORDER GRANTING MOTION TO DISMISS

WHELAN, District Judge.

Alison Miller and Cecily Callan ("Plaintiffs") brought suit against Allstate Insurance Co. for failure to defend and indemnify their grandmother as several Allstate insurance policies provided. After removal from the San Diego Superior Court, Allstate moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court decides the matter without oral argument. *See* Civil Local Rule 7.1(d.1). Because the grandmother's potential liability stemmed from her husband's sexual assault—intentional, not accidental, conduct—the insurance company owed no duty to defend. Accordingly, the court will **GRANT** Allstate's motion.

## I. *Factual & Procedural Background*

The facts giving rise to this case are undeniably abhorrent. David Combs molested his young granddaughters repeatedly and unremittingly over the course of their childhood. Myriam Combs, their grandmother, stood by either unaware of his conduct or unwilling to stop it. The granddaughters—having repressed the memories until adulthood, and having kept quiet, even to one another, about their common suffering—courageously came forward. They sought damages for sexual assault, battery, intentional infliction of emotional distress, and false imprisonment (against David), and negligence, negligent infliction of emotional distress, and breach of fiduciary duty (against Myriam). Allstate, Myriam's insurer, denied her tender of defense. As part of an out-of-court settlement, Myriam assigned her rights against Allstate to the Plaintiffs.

Myriam held four insurance policies with Allstate during the years of abuse: a homeowner's policy, a landlord's policy, an umbrella insurance policy, and an automobile policy. In November 2006, the Plaintiffs, as assignees, filed this lawsuit in San Diego Superior Court for breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and declaratory relief against Allstate. After removal, Allstate moved to dismiss the entire complaint for failure to state a claim upon which relief can be granted.

## II. *Legal Standard*

■ In ruling on a motion to dismiss, the court assumes the truth of all factual allegations and construes them in the light most favorable to the plaintiff. *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). The court may dismiss if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine*

*v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Under California law, the underlying complaint must suggest at least a potential for coverage to state a claim. *Quan v. Truck Ins. Exchange*, 67 Cal. App.4th 583, 587, 79 Cal.Rptr.2d 134 (1998).

## III. *Discussion*

■ Plaintiffs argue that Allstate's brief is merely a summary-judgment motion labeled as a motion to dismiss. (Pls.' Opp'n at 5.) They believe Allstate has improperly invited the court to make factual determinations and untimely interpretations of insurance policy language. But they are mistaken. In ruling on the motion to dismiss, the court must assume the horrific truth of all the allegations in the underlying complaint—yet the court always retains the authority determine the legal question whether a complaint states a claim. *See Levine*, 950 F.2d at 1482. Again, under California state law, the court compares the policy language with the underlying allegations and decides whether the policy provides a potential for coverage. *See Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995). Because the policy unequivocally provided *no coverage* for intentional conduct, the court must dismiss the complaint.

### A. The policy did not cover any liability arising from sexual molestation.

Allstate contends that David's abuse—detestable though it is—simply cannot fall under a policy that covers only "accidents." Plaintiffs respond that dismissal without discovery would be unfair and improper. The court certainly sympathizes with the Plaintiffs' pursuit of justice and shares their outrage, however, it agrees that All-

state never contracted to indemnify Myriam for any liability she might bear for facilitating David's vicious depredation.

██ An insurance policy, like any contract, effectuates the mutual intention of the parties when they enter into it. Cal. Civ.Code § 1636 (West 2000). Thus, the court must ascertain the plain meaning of the policy language, the meaning a layperson would ordinarily attach to it. *Id.* § 1638; *Reserve Ins. Co. v. Pisciotta,* 30 Cal.3d 800, 807, 180 Cal.Rptr. 628, 640 P.2d 764 (1982). The same principle determines whether a particular insurance policy requires a liability insurer to defend a lawsuit against the insured. *Waller,* 11 Cal.4th at 19, 44 Cal.Rptr.2d 370, 900 P.2d 619. While the duty to defend is broad, it is not unlimited. *Id.* If the language of the policy gives rise to no possibility for coverage, the insurer owes no duty to defend. *Id.*

Each of Myriam's policies provides coverage for *accidents* that occur in relation to, or on the premises of, her property. As the California Supreme Court has declared, however, "child molestation is *always* intentional." *J.C. Penney Casualty Ins. Co. v. M.K.,* 52 Cal.3d 1009, 1025, 278 Cal.Rptr. 64, 804 P.2d 689 (1991). Thus, if child molestation is intentional as a matter of law, it cannot be considered an "accident" as a layperson would understand that term. Myriam's liability—although pleaded as negligence—ultimately arises out of David's intentional acts. Thus, the court concludes that the complaint suggested no potential for coverage. Accordingly, as the court will explain in more detail, the complaint's first, second, and fourth causes of action must be dismissed.

### 1. The Deluxe Homeowners Insurance Policy (No. 432872).

██ The relevant portion of the Combs' homeowner's policy states as follows:

Losses We Cover:

Subject to the terms, limitations and conditions of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage *arising from an accident* and covered by this part of the policy.

Losses We Do Not Cover:

1. We do not cover bodily injury or property resulting from:

 a) An act or omission *intended* or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected ....

(Notice of Remand ["Notice"] Pt. 2 at 17.) (emphasis added) The policy language only covers bodily injury arising from an accident. It does not cover acts intended to cause bodily injury. Child molestation is always intentional. *J.C. Penney Casualty Ins. Co.,* 52 Cal.3d at 1025, 278 Cal.Rptr. 64, 804 P.2d 689. Thus, there was no potential coverage under the Deluxe Homeowners Insurance Policy.

### 2. The Personal Umbrella Insurance (Policy No. 014346047).

██ The relevant portion of the Combs' umbrella policy states as follows:

When We Pay

Allstate will pay when an insured becomes legally obligated to pay for personal injury or property damage caused by an *occurrence.*

(Notice at 105.) (emphasis added) An "occurrence" is "an *accident* or a continuous exposure to conditions" (*id.* at 103) (emphasis added). By clear implication, the policy does *not* cover intentional acts. Because child molestation is intentional—not accidental—as a matter of law, *see J.C. Penney Casualty Ins. Co.,* 52 Cal.3d at

**1138**

1025, 278 Cal.Rptr. 64, 804 P.2d 689, the policy provides no potential for coverage.

### 3. The Automobile Insurance (Policy No. 099136624).

The relevant portion of the Combs' auto policy states as follows:

Allstate will pay all damages an insured person is legally obligated to pay because of:

1. Bodily injury sustained by any person, and

2. Damage to, or destruction of, property.

Under these coverages, your policy protects an Insured person from claims for *accidents* arising out the ownership, maintenance or use, loading or unloading of an insured auto.

. . . .

Allstate will not pay for any damages an Insured person is legally obligated to pay because of:

. . . .

8. bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an Insured person or which are in fact intended by an Insured person.

(Notice at 30 (emphasis added).) The same analysis applies.

■ But Plaintiffs offer an additional argument regarding the automobile policy meriting discussion. Because David abused the Plaintiffs while driving, they not only sued him for battery but also Myriam for negligently entrusting the vehicle to him. As a result, an *Insured person* (Myriam) had a *claim* against her (the Plaintiffs' lawsuit) for an *accident* (her negligence) arising out of the *use* (David's driving-while-abusing) of the automobile. Because Myriam knew about David's vicious propensity, her actions, "in and of themselves, causally created the injury." (Pls.' Opp'n at 8.)

■ Even assuming Plaintiffs' novel argument avoids the same defect as the others, it succumbs to another: Sexual abuse does not arise out of the use of an automobile. *See Am. Nat'l Prop. & Cas. Co. v. Julie R.*, 76 Cal.App.4th 134, 139–40, 90 Cal.Rptr.2d 119 (1999). In certain policies, the arising-out-of clause contemplates the broadest possible factual connection between conduct and injury. *See Universal Underwriters Ins. Co. v. Aetna Ins. Co.*, 249 Cal.App.2d 144, 151, 57 Cal.Rptr. 240 (1967). But the same clause in an automobile policy requires the vehicle's use to be the predominating cause of or a substantial factor in the injury. *Truck Ins. Exch. v. Webb*, 256 Cal.App.2d 140, 148, 63 Cal.Rptr. 791 (1967). Following *Webb* and its progeny, the court concludes that an automobile—whether parked or moving—cannot predominantly cause or constitute a substantial factor in child sexual abuse. *See Julie R.*, 76 Cal.App. 4th at 139–41, 90 Cal.Rptr.2d 119.

Thus, Plaintiffs' attempt to distinguish *Julie R.*—a case involving sexual assault in a vehicle—must fail. In both cases, the vehicle served as a favorable situs for an intentional act. *See Julie R.*, 76 Cal. App.4th at 139–41, 90 Cal.Rptr.2d 119. And in both cases, the vehicle's peculiar confining features "contributed to the potential that [the sexual aggressor] would be successful in his attack." *Id.* at 141, 90 Cal.Rptr.2d 119. But there, as here, the court must conclude that the vehicle's use "was a circumstance accompanying the [sexual assault], not a predominant cause [of] or substantial factor in [the plaintiffs'] injury." *Id.* at 142, 90 Cal.Rptr.2d 119.

Similarly, Plaintiffs here cannot argue that the distinct theory of liability they assert against Myriam justifies a different outcome. A policy exclusion rendering the legal basis for Plaintiffs' claims irrelevant forecloses any potential for coverage. *See*

*Century Transit Sys. v. Am. Empire Surplus Lines Ins. Co.,* 42 Cal.App.4th 121, 126, 49 Cal.Rptr.2d 567 (1996). Under the automobile policy, anyone using the car with Myriam's consent thereby becomes an "Insured person." A claim for negligent *entrustment* presupposes that David used the car with Myriam's consent. Thus, any damages *Myriam* (an Insured person) becomes legally obligated to pay because of bodily injury "which may reasonably be expected to result from the intentional or criminal acts" of *David* (also an Insured person driving with Myriam's permission) fall within the policy exclusion. *See id.*

### 4. The Landlord Insurance (Policy No. 00432870).

 The relevant portion of the Combs' landlord policy provides "Business Liability Protection" and states:

Losses We Do Not Cover:

1. We do not cover bodily injury, personal injury or property damage which may reasonably be expected to result from the *intentional* or *criminal acts* of an Insured person or which is in fact intended by an Insured person.

(Notice Pt. 2 at 39 (emphasis added).) Again, an Insured person is the policyholder and spouse. (*Id.* at 24.) Thus, the landlord policy provides no potential for coverage for the same reason the other policies failed.

### B. Plaintiffs failed to plead negligent misrepresentation with particularity.

 Claims for negligent misrepresentation must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F.Supp. 1053, 1059 (N.D.Cal.1991). Plaintiffs must allege with particularity the time, place, and contents of the misrepresentation so that the defendant can identify the statement.

*Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985); *Smith v. Allstate Ins. Co.,* 160 F.Supp.2d 1150, 1152 (S.D.Cal.2001). Plaintiffs have not satisfied this standard.

 For example, Paragraph 34 of the Complaint states:

34. Plaintiffs are informed and believe, and thereon allege that ALLSTATE has made numerous misrepresentations, both itself and through its agents, in the course of their business dealings, that Plaintiffs were insured under the ALLSTATE POLICIES, and that ALLSTATE would perform under these policies by providing coverage, indemnifying, and defending Plaintiffs against *any* claims tendered on these policies. Said misrepresentations were of material facts relating to coverage, indemnification and defending Plaintiffs.

(Notice Pt. 1 at 14 (emphasis added).) Allegedly, the misrepresentations induced reliance: Myriam conducted business with Allstate and did not obtain additional insurance coverage for the claims Plaintiffs asserted. (*Id.* at 14–15.) As Allstate points out, however, Plaintiffs never plead—

- *who* at Allstate made the misrepresentation,
- *when* it occurred,
- *where* it occurred, and
- *how* Allstate perpetrated it.

*See id.* Without this information, Allstate cannot fairly answer the allegations in the claim for negligent misrepresentation. Thus, the court must dismiss the complaint's third cause of action under Rules 9(b) and 12(b)(6).

### C. Nevertheless, the court will grant leave to amend the third count.

 Federal Rule of Civil Procedure 15(a) obligates the court to grant leave to amend "when justice so requires." *See Bowles v. Reade,* 198 F.3d 752, 757 (9th

Cir.1999). But a district court need not grant leave to amend where the amendment (1) prejudices the opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation, or (4) is futile. *Id.* at 758; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990).

██ Allstate argues that granting leave to amend would be futile. (Def.'s Reply Br. at 10.) In support of their contention, they argue that "[s]ince plaintiffs do not dispute that they are seeking coverage for liability arising from child molestation, there is no reason to grant them leave just so they can allege the same untenable theory again." (*Id.*) They request that the court dismiss the complaint with prejudice. While the court recognizes that amendment would be futile with respect to the counts relating to David's abuse, negligent misrepresentation depends on an entirely different nucleus of facts. Moreover, it would be unfair to force Plaintiffs to comply with federal pleading standards anticipating that Allstate would remove this case to federal court. Therefore, the court will grant Plaintiffs an opportunity to amend the negligent-misrepresentation claim to comply with Rule 9(b).

### IV. *Conclusion & Order*

For the reasons discussed, the court hereby **GRANTS** Allstate's motion to dismiss **WITH PREJUDICE** on the counts for breach of contract and breach of the covenant of good faith and fair dealing. The court also **GRANTS** Allstate's motion to dismiss the remaining counts, **WITH LEAVE TO AMEND.** Plaintiffs must file an amended complaint, should they choose to do so, on or before July 9, 2007.

**IT IS SO ORDERED.**