NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4175-15T4

ROSEMARY STANLEY, on behalf
of herself and all others
similarly situated,

 Plaintiff-Appellant,

v.

CAPRI TRAINING CENTER, INC.,
d/b/a CAPRI INSTITUTE,

 Defendant-Respondent.
______________________________

 Submitted May 2, 2017 – Decided September 12, 2017

 Before Judges Ostrer, Leone and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Docket No.
 L-182-16.

 DeNittis Osefchen, PC, attorneys for appellant
 (Stephen P. DeNittis and Joseph A. Osefchen,
 on the briefs).

 Bielan, Miklos & Makrogiannis, PC, attorneys
 for respondent (Judith Q. Bielan and Robert
 H. Benacchio, on the brief).

 Gibbons P.C., attorneys for amicus curiae
 Association of Cosmetology and Hairstyling
 Schools of New Jersey, Inc., and Robert Fiance
 Beauty Schools, Inc. (Michael R. McDonald and
 Jennifer Marino Thibodaux, on the brief).
PER CURIAM

 Plaintiff Rosemary Stanley appeals from an order dismissing

her putative class action complaint with prejudice for failure to

state a claim upon which relief can be granted. R. 4:6-2(e). Based

on our review of the record in light of the applicable law, we

reverse and remand for further proceedings.

 I.

 In our review of an order dismissing a complaint pursuant to

Rule 4:6-2(e), we limit our summary of the facts to those alleged

in the complaint, which we accept as true extending all favorable

inferences to plaintiff. See Tisby v. Camden Cty. Corr. Facility,

448 N.J. Super. 241, 247 (App. Div.), certif. denied, ___ N.J. ___

(2017). Defendant operates four cosmetology schools in New Jersey.

Each school has a clinic that provides cosmetology services to the

general public in exchange for a fee paid to defendant. The

services are "primarily and/or exclusively" provided by

defendant's unlicensed cosmetology students. In 2011 and 2012,

plaintiff visited one of defendant's clinics where she received

and paid defendant for various cosmetology services.

 Plaintiff alleges that the fees she and other putative class

members paid defendant for cosmetology services exceeded those

permitted under the Cosmetology and Hairstyling Act of 1984 (the

Act), N.J.S.A. 45:5B-1 to -38. More particularly, she alleges

 2 A-4175-15T4
N.J.S.A. 45:5B-3(h) bars a cosmetology school clinic from charging

the general public fees that exceed the amount required to "recoup

. . . the costs of the materials used in the performance of [the]

services."1 Plaintiff alleges defendant charged her and the

putative class members fees that exceeded the costs of the

materials used to provide the cosmetology services they received.

 Based on those facts, plaintiff's complaint alleges four

causes of action: violation of the Consumer Fraud Act (CFA),

N.J.S.A. 56:8-1 to -20 (count one); violation of the Truth-in-

Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A.

56:12-14 to -18 (count two); breach of the covenant of good faith

and fair dealing (count three); and unjust enrichment (count four).

 Defendant moved to dismiss the complaint for failure to state

a claim upon which relief can be granted, R. 4:6-2(e), and

requested oral argument, R. 1:6-2(d). It appears2 defendant argued

in its papers that plaintiff's claims turned on an interpretation

1
 N.J.S.A. 45:5B-3(h) provides the Act's definition of "clinic":
"a designated portion of a licensed school in which members of the
general public may receive cosmetology and hairstyling services
from registered students in exchange for a fee which shall be
calculated to recoup only the cost of materials used in the
performance of those services." (emphasis added).
2
 We do not have the benefit of the briefs filed before the motion
court and, because the court did not hear the requested oral
argument or make detailed findings or legal conclusions, we are
unable to definitively identify the parties' arguments presented
to the motion court.

 3 A-4175-15T4
of what constitutes the "cost of materials" under N.J.S.A. 45:5B-

3(h), and therefore the New Jersey Board of Cosmetology and

Hairstyling (the Board) had exclusive jurisdiction over the

claims.

 The court did not hear oral argument, but issued an order

granting the dismissal motion. The order was untethered to any

findings or conclusions of law, see R. 1:7-4, other than a notation

on the order stating "[p]er N.J.S.A. 56:8-140 [and N.J.A.C.] 13:28-

6.1[,] the State Board has jurisdiction and there is no private

cause of action."

 Plaintiff appealed the order dismissing the complaint. We

granted the Association of Cosmetology and Hairstyling Schools of

New Jersey, Inc. (Association) and the Robert Fiance Beauty

Schools, Inc. leave to appear as amicus curiae.

 II.

 We review de novo an order dismissing a complaint under Rule

4:6-2(e). See Stop & Shop Supermarket Co. v. Cty. of Bergen, 450

N.J. Super. 286, 290 (App. Div. 2017). "[O]ur inquiry is limited

to examining the legal sufficiency of the facts alleged on the

face of the complaint." Printing Mart-Morristown v. Sharp Elecs.

Corp., 116 N.J. 739, 746 (1989). A plaintiff is "entitled to every

reasonable inference of fact," and "[t]he essential test is simply

'whether a cause of action is "suggested" by the facts,'" and

 4 A-4175-15T4
Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting

Printing Mart, supra, 116 N.J. at 746). Nonetheless, "[a] pleading

should be dismissed if it states no basis for relief and discovery

would not provide one." Rezem Family Assocs., LP v. Borough of

Millstone, 423 N.J. Super. 103, 113 (App. Div.), certif. denied,

208 N.J. 368 (2011).

 The standard "requires an assumption that the allegations of

the pleading are true and affords the pleader all reasonable

factual inferences." Seidenberg v. Summit Bank, 348 N.J. Super.

243, 249-50 (App. Div. 2002). The court must search the pleading

"in depth and with liberality to determine whether a cause of

action can be gleaned even from an obscure statement." Ibid.

 To avoid a dismissal for failure to state a claim, a plaintiff

is not required "to prove the case but only to make allegations,

which, if proven, would constitute a valid cause of action."

Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div.)

(quoting Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App.

Div. 2001)), certif. denied, 185 N.J. 297 (2005). "However, a

court must dismiss the plaintiff's complaint if it has failed to

articulate a legal basis entitling plaintiff to relief." Ibid.

 Here, the dismissal of the complaint was based on the court's

determination that the Board had exclusive jurisdiction over

plaintiff's claims and plaintiff therefore could not assert a

 5 A-4175-15T4
private cause of action for the alleged violation of N.J.S.A.

45:5B-3(h), and that plaintiff's claims were barred under N.J.S.A.

56:8-140 and N.J.A.C. 13:28-6.1.3 Defendant urges that the court's

dismissal of the complaint on those grounds was proper, and also

because the Board had primary jurisdiction to address alleged

violations of N.J.S.A. 45:5B-3(h) which support each of

plaintiff's causes of action. Plaintiff argues the court erred.

We address the bases upon which the court relied to support its

dismissal order.

 A. Exclusive Jurisdiction

 Plaintiff argues the trial court erred to the extent it

determined the Board has exclusive jurisdiction over plaintiff's

claims. Plaintiff argues the Act does not contain an express grant

3
 We are mindful that we determine the validity of a trial court's
order and not its reasoning, Do-Wop Corp. v. City of Rahway, 168
N.J. 191, 199 (2001), but a motion court is required to find facts
and state its conclusions of law in accordance with Rule 1:7-4.
"Failure to make explicit findings and clear statements of
reasoning [impedes meaningful appellate review and] 'constitutes
a disservice to the litigants, the attorneys and the appellate
court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis
v. Finneran, 83 N.J. 563, 569-70 (1980)). Our de novo standard of
review of Rule 4:6-2(e) dismissal orders does not render Rule 1:7-
4 a nullity, does not excuse a motion court's failure to make the
required conclusions of law, and is not intended to be a means by
which parties learn from the first time the reasoning behind the
entry of an order. The parties are entitled to the motion court's
reasoning prior to deciding whether to appeal, and this court is
entitled to the record required under the rules, including Rule
1:7-4, to facilitate proper appellate review.

 6 A-4175-15T4
of exclusive authority to the Board and therefore the court has

jurisdiction over the asserted causes of action. Defendant argues

the trial court did not hold that the Board has exclusive

jurisdiction, but that in any event N.J.S.A. 45:5B-2(a) grants the

Board exclusive jurisdiction to enforce the Act.

 Where the "Legislature has vested exclusive jurisdiction with

an agency," a trial court is preempted of original jurisdiction

over the subject matter. Smerling v. Harrah's Entm't, Inc., 389

N.J. Super. 181, 187 (App. Div. 2006). "The Legislature 'may vest

an administrative agency with exclusive primary jurisdiction over

common-law claims,' but only if it does so expressly, and by

'explicitly' granting that agency the power to 'award damages in

private matters.'" Ibid. (quoting Campione v. Adamar of N.J., 155

N.J. 245, 260-62 (1998)). "As a general rule, jurisdiction of an

administrative agency may be said to be exclusive when the remedy

which the agency is empowered to grant is the only available remedy

for the given situation." Ibid. (quoting In re Hoboken Teachers'

Ass'n, 147 N.J. Super. 240, 248 (App. Div. 1977)).

 The purpose of the Act was to establish a board to

"administer, coordinate and enforce" the Act, and to promulgate

regulations "relating to the practices of cosmetology," and "the

premises at which those services are rendered and the schools at

which instruction in those practices may be obtained." N.J.S.A.

 7 A-4175-15T4
45:5B-2(a). The Legislature created the Board, N.J.S.A. 45:5B-4,

authorized the Board to promulgate regulations, N.J.S.A. 45:5B-

6(r), (s),4 and granted the Board authority to enforce the Act,

N.J.S.A. 45:5B-2(a).

 Under the Uniform Enforcement Act, N.J.S.A. 45:1-14 to -27,

the Board also has authority to revoke, suspend, or refuse to

renew the license of a licensee, such as defendant here, that

violates the Act. N.J.S.A. 45:1-22. Among other sanctions, the

Board may also impose civil penalties, or order a licensee to

cease and desist from any violations of the Act. N.J.S.A. 45:1-

22(b), (c). Of particular significance here, the Board has the

authority to direct that a licensee "restore to any person

aggrieved by an unlawful act or practice, any moneys or property

. . . acquired by means of such act or practice; provided, however,

[that the Board] shall [not] order restoration in a dollar amount

greater than those moneys received by a licensee or his

agent . . . violating" the Act or corresponding regulations.

N.J.S.A. 45:1-22(d).

4
 The Board adopted regulations to effectuate the Act. See N.J.A.C.
13:28-1.1 to -6.36. Of particular relevance, the Board adopted
N.J.A.C. 13:28-6.27, which sets forth standards under which
cosmetology students may provide services to the public but does
not address the fees that may be charged under N.J.S.A. 45:5B-
3(h).

 8 A-4175-15T4
 Although one purpose of the Act is to protect "persons of the

general public who are direct recipients of the services regulated

by [the] [A]ct . . . from . . . fraudulent and deceptive practices,"

N.J.S.A. 45:5B-2(b), the Act and the UEA are devoid of any express

or explicit grant of exclusive authority to the Board over common

law or statutory claims for damages in private matters. See

Smerling, supra, 389 N.J. Super. at 187. Our courts have uniformly

rejected claims that administrative agencies have exclusive

jurisdiction over common law and statutory causes of action where

there is no express statutory grant of such jurisdiction to the

agency. For example, in Boldt v. Correspondence Mgmt., Inc., 320

N.J. Super. 74, 77-78 (App. Div. 1999), plaintiffs filed a class

action alleging in part that a defendant medical facility violated

the CFA by overcharging for copies of medical records. The copying

fees were regulated by the New Jersey Department of Health. Id.

at 77. The defendants argued the Department of Health had exclusive

jurisdiction to hear the plaintiffs' claims under N.J.A.C. 8:43G-

15.3(d), which allowed the Department to sanction those entities

that violated the limitation on fees for medical record

photocopies. Id. at 81, 87.

 We rejected the defendants' argument that the Department had

exclusive jurisdiction to issue sanctions for regulatory

violations because the plaintiffs sought "a remedy not available

 9 A-4175-15T4
. . . at the agency level," and not expressed in the legislative

intent of the agency's governing statute. Id. at 87; see also New

Jersey Div., Horsemen's Benevolent Protective Ass'n v. New Jersey

Racing Comm'n, 251 N.J. Super. 589, 602-05 (App. Div. 1991)

(finding the Racing Commission lacked exclusive jurisdiction over

common law claim for misappropriation of charitable trust funds,

in part because the governing statute was "altogether silent" as

to the available remedies and forum, and also because matters of

trust enforcement were within the recognized expertise of the

Chancery Division).

 Even where an agency's governing statute expressly provides

that an agency has exclusive jurisdiction over certain matters,

our courts have carefully limited the scope of the agency's

exclusive jurisdiction and permitted the prosecution of claims of

common law and statutory claims in court. In Campione, supra, 155

N.J. at 248-49, the plaintiff brought a common-law cause of action

for discrimination, arguing a casino discriminated against him for

counting cards. Under the Casino Control Act (CCA), N.J.S.A. 5:12-

1 to -233, the Legislature established the Casino Control

Commission (CCC or Commission), and vested it with quasi-

legislative and quasi-judicial power over casino regulations.

Thus, the CCC could promulgate regulations and adjudicate alleged

 10 A-4175-15T4
regulatory violations. Id. at 256-57; N.J.S.A. 5:12-63(1)(a), (b),

(c).

 The Campione Court noted that the CCA expressly granted the

Commission "exclusive jurisdiction over all matters delegated to

it or within the scope of its powers under the provisions of this

Act." Id. at 260 (quoting N.J.S.A. 5:12-133(b)); see also N.J.A.C.

19:40-1.5(b). However, the Court observed that the statute did not

expressly "delegate to the CCC the adjudication of a patron's

common-law claims." Ibid. The Court noted that where the

Legislature intends to authorize an agency to award damages in

private manners, it must state so explicitly. Id. at 262 (comparing

the CCC's statute with the Law Against Discrimination (LAD),

N.J.S.A. 10:5-1 to -49, which allows LAD claims to be brought in

Superior Court or the Division of Civil Rights, N.J.S.A. 10:5-13,

and authorizes the Division of Civil Rights to award damages,

N.J.S.A. 10:5-17).

 Here, the Act and the UEA do not include any express grant

of exclusive authority to the Board over plaintiff's statutory and

common law claims. Under the principles in Campione, Boldt, and

Smerling, we are therefore constrained to reverse the court's

order based on its apparent determination that the Board has

 11 A-4175-15T4
exclusive jurisdiction over plaintiff's statutory and common law

claims.5

 B. Primary Jurisdiction

 Plaintiff also argues the court erred to the extent it

dismissed the complaint based on a determination that the Board

has primary jurisdiction to interpret the meaning of the term

"cost of materials" under N.J.S.A. 45:5B-3(h).

 "Primary jurisdiction is defined as the circumstance in which

a 'court declines original jurisdiction and refers to the

appropriate body those issues which, under a regulatory scheme,

have been placed within the special competence of an administrative

body.'" Muise v. GPU, Inc., 332 N.J. Super. 140, 158 (App. Div.

2000) (quoting Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 269

n.1 (1978)); accord Estate of Kotsovska ex rel. Kotsovska v.

Liebman, 221 N.J. 568, 588 (2015). One purpose of the doctrine of

primary jurisdiction "is to allow an agency to apply its expertise

5
 We reject the contention that the Board has exclusive
jurisdiction because it has authority under the UEA to award
restitution for violations of the Act. See N.J.S.A. 45:1-22(d). A
similar argument was rejected by the Court in Campione, supra, 155
N.J. at 262. In Campione, defendant contended the Commission had
exclusive jurisdiction in part because its governing statute
permitted the Commission to award restitution. Ibid. The Court
rejected the argument finding the statute did not allow for full
vindication of all aspects of the plaintiff's damages claims and
did "not authorize private litigants to initiate claims for money
damages before the [Commission]." Ibid. The same is true here.

 12 A-4175-15T4
to questions which require interpretation of its regulations."

Muise, supra, 332 N.J. Super. at 159. "Thus, 'when enforcement of

a claim requires resolution of an issue within the special

competence of an administrative agency, a court may defer to a

decision of that agency.'" Estate of Kotksovska, supra, 221 N.J.

at 558 (quoting Campione, supra, 155 N.J. at 263-64).

 Invocation of the doctrine of primary jurisdiction is within

the sound discretion of the trial court. Ibid. We review a court's

invocation of the doctrine for an abuse of discretion and will not

reverse a court's decision unless it was "made without a rational

explanation, inexplicably departed from established practices, or

rested on an impermissible basis." Ibid. (quoting Flagg v. Essex

Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

 Here, it does not appear the dismissal of the complaint was

based on an invocation of the doctrine of primary jurisdiction.

The court's order does not refer to the doctrine and the order's

lack of any detailed findings or conclusions of law renders it

impossible to ascertain whether the doctrine was invoked and, if

so, whether its invocation constituted an abuse of discretion. See

ibid. We cannot review a decision for an abuse of discretion where

it appears the court did not make the decision in the first

instance.

 13 A-4175-15T4
 Moreover, if the court found the doctrine of primary

jurisdiction applied, it would have been an error to dismiss the

complaint on that basis. Where, as here, the Board could not grant

relief on plaintiff's claims coextensive with the relief available

in the court proceeding, invocation of the doctrine of primary

jurisdiction does not warrant dismissal of a complaint. Under such

circumstances, the primary jurisdiction doctrine requires "only a

stay of the proceedings pending the agency's determination."

Richardson v. Std. Guard. Ins. Co., 371 N.J. Super. 449, 475 (App.

Div. 2004); accord Boldt, supra, 320 N.J. Super. at 89.

 Because we have determined the court erred by dismissing the

complaint based on its erroneous determination that the Board had

exclusive jurisdiction over plaintiff's claims, on remand the

court shall consider whether to invoke the doctrine of primary

jurisdiction based on the factors relevant to that determination

as defined by our Supreme Court in Estate of Kotsovska, supra, 221

N.J. at 588.6 If the court determines to invoke the doctrine, it

shall stay the court proceeding pending the Board's determination

6
 In making a determination whether to invoke the doctrine of
primary jurisdiction, a court is required to consider whether:
"the matter at issue is within the conventional experience of
judges"; "the matter is peculiarly within the agency's discretion,
or requires agency expertise"; "inconsistent rulings might pose
the danger of disrupting the statutory scheme"; and "prior
application has been made to the agency." Ibid. (quoting Magic
Petroleum Corp. v. Exxon Mobil Corp., 218 N.J. 390, 405 (2014)).

 14 A-4175-15T4
of any issues the court in its discretion finds the Board should

resolve in the first instance. Richardson, supra, 371 N.J. Super.

at 475.

 We offer no opinion as to whether the court should invoke the

doctrine; that determination must be made by the trial court. The

court, however, shall make detailed findings of fact and

conclusions of law supporting its decision on the issue. R. 1:7-

4.

 C. N.J.S.A. 56:8-140 and N.J.A.C. 13:28-6.1

 It appears the court also dismissed the complaint based on a

determination that N.J.S.A. 56:8-140 bars plaintiff's claims. The

court's order vaguely states that the dismissal was required as

"[p]er N.J.S.A. 56:8-140 [and N.J.A.C.] 13:28-6.1."

 The statute is part of the Contractors Registration Act,

N.J.S.A. 56:5-136 to -152, which requires the registration of

"person[s] engaged in the business of making or selling home

improvements." N.J.S.A. 56:8-137, -138(b). N.J.S.A. 56:8-140

exempts certain persons from the coverage of the Contractors

Registration Act, but neither the act nor the exemption have any

applicability here. Plaintiff does not allege defendant was a

person engaged in the business of making or selling home

improvements and does not assert any claims under the act. The

 15 A-4175-15T4
court, therefore, erred by concluding that N.J.S.A. 56:8-140

required dismissal of any of the claims asserted in the complaint.

 The court also cited the regulation that "[l]icensed schools

shall comply with all laws and rules relating to the practice of

cosmetology" or "shall be subject to disciplinary action by the

Board." N.J.A.C. 13:28-6.1. However, nothing in the act or

regulation gives the Board exclusive jurisdiction or jurisdiction

to grant damages.

 In sum, we are convinced the court erred in dismissing the

complaint based on its apparent determination that the Board had

exclusive jurisdiction to decide plaintiff's causes of action and

its clear determination that plaintiff's claims were legally

barred under N.J.S.A. 56:8-140 and N.J.A.C. 13:28-6.1. We remand

for further proceedings for the court to consider and decide, with

detailed findings and conclusions of law, whether it should invoke

the doctrine of primary jurisdiction.

 The court also stated there was no private case of action

under N.J.S.A. 45:5B-3(h). However, plaintiff did not assert a

private cause of action under N.J.S.A. 45:5B-3(h). Rather,

plaintiff's complaint raised claims under the CFA, TCCWNA, breach

of the covenant of good faith and fair dealing, and unjust

enrichment. Plaintiff may assert claims under those statutes and

 16 A-4175-15T4
common law doctrines regardless of whether there is a private

right of action under N.J.S.A. 45:5B-3(h).

 Amici The Association of Cosmetology and Hairstyling Schools

of New Jersey, Inc., and the Robert Fiance Beauty Schools, Inc.,

argue there were numerous other grounds supporting the dismissal

of the complaint. The court's order and the record presented on

appeal does not permit a determination as to whether the grounds

asserted here were presented to the motion court. We generally

decline to consider arguments that were not raised before the

trial court and do not involve jurisdictional or public interest

concerns, and we discern no basis for proceeding otherwise here.

Zaman v. Felton, 219 N.J. 199, 226-27 (2014); see also Nieder v.

Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("[O]ur appellate

courts will decline to consider questions or issues not properly

presented to the trial court when an opportunity for such a

presentation is available 'unless the questions so raised on appeal

go to the jurisdiction of the trial court or concern matters of

great public interest.'" (quoting Reynolds Offset Co., Inc. v.

Summer, 58 N.J. Super. 542, 548 (App. Div. 1959), certif. denied,

31 N.J. 554 (1960))). In any event, because the court decided it

lacked jurisdiction and did not address any other putative bases

for its dismissal of the complaint, on remand defendant shall be

permitted to make any and all arguments supporting a motion to

 17 A-4175-15T4
dismiss pursuant to Rule 4:6-2(e), other than on grounds upon

which we have directly ruled in this opinion.

 Reversed and remanded for further proceedings consistent with

this opinion. We do not retain jurisdiction.

 18 A-4175-15T4