587 A.2d 621

MARIE R. RODIO AND SALVATORE J. RODIO, JR., PLAINTIFFS–RESPONDENTS AND CROSS–APPELLANTS, v. ROBERT WILLIAM SMITH AND ALLSTATE INSURANCE COMPANY, DEFENDANTS–APPELLANTS AND CROSS–RESPONDENTS.

Argued November 27, 1990—Decided March 14, 1991.

346

*David J. D'Aloia* argued the cause for appellants and cross-respondents (*Saiber, Schlesinger, Satz & Goldstein,* attorneys; *David J. D'Aloia* and *Joan M. Schwab,* on the briefs).

*Clifford L. Van Syoc* argued the cause for respondents and cross-appellants.

The opinion of the Court was delivered by

POLLOCK, J.

Like the companion case, *Weinisch v. Sawyer & Allstate Insurance Co.,* 123 *N.J.* 333, 587 *A.*2d 615 (1991), decided today, this case requires us to determine whether plaintiffs' claim is properly construed as one for reformation rather than for money damages, and if so, whether a jury trial is available in an action for reformation of an insurance contract. Addition-

ally, this case raises the issue of whether Allstate Insurance Company's (Allstate) slogan, "You're in good hands with Allstate," violates the Consumer Fraud Act, *N.J.S.A.* 56:8–2, or constitutes common law fraud. Finally, plaintiffs question whether the Appellate Division had jurisdiction to reverse on its own motion the trial court's order denying Allstate's motion to intervene.

Plaintiffs, Marie and Salvatore Rodio, sued Robert Smith, an Allstate insurance agent from whom they had obtained automobile insurance, for his allegedly negligent failure to inform them of the availability of higher underinsured motorist (UIM) coverage. At the time of the accident, their coverage was for the statutory minimum of $15,000 per person and $30,000 per event. The trial court denied Allstate's motion to intervene, but the Appellate Division reversed. Plaintiffs further claimed that Allstate's slogan was fraudulent. The trial court granted defendants' motion to strike plaintiffs' jury demand, dismissed the fraud claim, and after trial entered judgment for defendants on the claim for negligent failure to inform. The Appellate Division affirmed the dismissal of the fraud claim but reversed the judgment for defendants on the failure-to-inform claim, and remanded for a jury trial.

We granted plaintiffs' petition and defendants' cross-petition for certification, 121 *N.J.* 640, 583 *A.*2d 332 (1990), and now affirm so much of the Appellate Division's judgment as disposes of the fraud claim and reverse so much of that judgment as affects the failure-to-inform claim. Consequently, we reinstate the judgment of the Law Division. For the reasons set forth in *Weinisch,* we find that plaintiffs' claim is properly understood as an action for reformation, and that the trial court properly struck plaintiffs' jury demand. We further hold that Allstate's slogan amounts to neither statutory consumer fraud nor common law fraud, and that the Appellate Division properly reversed the trial court's order denying Allstate's motion to intervene.

—I—

Except for a more complicated procedural history, the material facts are substantially similar to those in *Weinisch*. On January 23, 1985, plaintiff Marie R. Rodio was involved in an automobile accident and sustained damages that exceeded the combined limits of the other driver's coverage and her own UIM coverage. Just as the plaintiff in *Weinisch* claimed that Allstate's agent breached a duty to inform him of the availability of higher UIM coverage, so plaintiffs here claim that Allstate's agent Smith failed to inform them about the availability of additional UIM coverage.

At trial, the resolution of the critical issue of Smith's alleged failure to inform them of the availability of higher UIM coverage depended on an assessment of the credibility of the witnesses. In resolving that sensitive issue against plaintiffs, the trial court found that they had demonstrated "selective memory or motivated loss of memory."

Although plaintiffs testified that defendants had never informed them of the availability of increased bodily injury or uninsured/underinsured motorist (UM/UIM) coverage, the trial court rejected that testimony. It was "satisfied from the evidence that there is no doubt that Mr. Rodio was aware that higher limits of insurance coverage for liability was available." The court found incredible plaintiffs' testimony that they had never received any of the information mailed by Allstate about the availability of additional UM/UIM coverage. It also found that in early January 1985, before Mrs. Rodio's accident, Smith had explained to plaintiffs the options for increased UM/UIM coverage. As determined by the trial court, Smith explained that plaintiffs could obtain additional coverage by paying an additional fifty-dollar premium. The court concluded its oral opinion with the statement that plaintiffs "made a conscious, although in hindsight extremely foolish decision, to save the fifty dollars."

Following Mrs. Rodio's accident, plaintiffs sued Smith, alleging that he had negligently failed to inform them about the availability of additional UIM coverage, and demanded a jury trial. Allstate sought to intervene, and Allstate and Smith moved to strike plaintiffs' jury demand on the ground that plaintiffs had in essence asserted a claim in equity for reformation of the policy. The trial court ruled that reformation was the sole remedy and therefore struck the jury demand. However, the court denied Allstate's motion to intervene. Plaintiffs sought leave to appeal the denial of a jury trial. The Appellate Division let stand the denial of the jury trial, and summarily reversed the denial of Allstate's motion to intervene.

On remand, plaintiffs amended their complaint to add a claim that Allstate had violated the Consumer Fraud Act and had committed common law fraud by the use of its slogan, "You're in good hands with Allstate." The trial court dismissed the Consumer Fraud Act claim because the Act does not cover the insurance industry, and dismissed the common law fraud claim because Allstate's slogan was not a material misrepresentation of fact. On the reformation claim, the court entered judgment for defendants after a bench trial, finding that plaintiffs were aware of the availability of higher coverage and that they had made a conscious decision to save money by buying less coverage.

In an unpublished opinion, the Appellate Division affirmed the dismissal of the fraud claims, holding that Allstate's slogan was not a representation of fact. Concerning the reformation claim, however, the Appellate Division reversed and remanded. Relying on its companion opinion in *Weinisch v. Sawyer*, 237 *N.J.Super.* 195, 567 *A.*2d 259 (1989), the court held that "a plaintiff is entitled to a trial by jury in an action based on an insurance agent's breach of duty even if the only remedy available is so-called 'reformation' of the insurance contract by the agent's employer-insurance company."

Plaintiffs petitioned for certification, claiming that the Appellate Division lacked jurisdiction to reverse summarily the order denying Allstate's motion to intervene, inappropriately limited relief to reformation of the policy, and erroneously affirmed the dismissal of the fraud claims. Defendants cross-petitioned on the jury issue, arguing that the Appellate Division erred in concluding that plaintiffs were entitled to a trial by jury.

—II—

—A—

We begin with plaintiffs' contention that they were entitled to a jury trial on their claim that Smith had negligently failed to inform them about available coverage. As we hold today in *Weinisch, supra,* 123 *N.J.* at 339–340, 587 *A.*2d at 618, when an insured sues the insurer and its agent for the agent's failure to inform the insured of available coverage, the proper remedy is reformation, to which a right to trial by jury does not attach. Unlike in *Weinisch,* where the insured sued both his agent and his insurer and requested reformation as well as damages, the Rodios sued only their agent, and specifically disavowed seeking reformation. The constitutional right to a jury trial, however, does not hinge on artful pleading or non-joinder of parties. Just as in *Weinisch,* plaintiffs' claim here boils down to a request that the court reform the insurance contract to include greater UM/UIM coverage. For the reasons set forth in *Weinisch,* we conclude that the Rodios' claim is properly understood as one for reformation of their insurance contract, and that plaintiffs therefore are not entitled to a jury trial.

—B—

Concerning plaintiffs' claim that Allstate's slogan, "You're in good hands with Allstate," violates the New Jersey Consumer Fraud Act and constitutes common law fraud, we

agree with the Appellate Division that the claim must fail. Plaintiffs assert that the slogan was a false representation of fact that Allstate was looking out for plaintiffs' best interest. An essential element of common law fraud is the misrepresentation of a material fact. *Jewish Center of Sussex County v. Whale,* 86 *N.J.* 619, 624, 432 *A.*2d 521 (1981); *Joseph J. Murphy Realty, Inc. v. Shervan,* 159 *N.J.Super.* 546, 551, 388 *A.*2d 990 (App.Div.1978), *certif. denied,* 79 *N.J.* 487, 401 *A.*2d 242 (1979). Similarly, the Consumer Fraud Act requires an "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment * * * of any material fact." Allstate's slogan is not a statement of fact, and therefore cannot rise to the level of common law fraud. *See Joseph J. Murphy Realty, supra,* 159 *N.J.Super.* at 551, 388 *A.*2d 990. Nor is the slogan a deception, false promise, misrepresentation, or any other unlawful practice within the ambit of the Consumer Fraud Act. However persuasive, "You're in good hands with Allstate" is nothing more than puffery.

The trial court held that the Consumer Fraud Act does not apply to the insurance industry. Because we find that Allstate's conduct could not have violated the Consumer Fraud Act, we need not consider the argument that the Act does not apply to the insurance industry.

—C—

■ Finally, we turn to the issue whether the Appellate Division had jurisdiction on the interlocutory appeal to reverse on its own motion the trial court's denial of Allstate's motion to intervene. Allstate's motion to intervene was logically intertwined with its motion to strike plaintiffs' jury demand; both motions depended on a finding that reformation is the proper remedy. When plaintiffs sought to appeal from the trial court's ruling that the proper remedy was reformation and that a jury trial was unwarranted, that appeal implicated Allstate's

right to intervene. Therefore, the Appellate Division's action was proper.

The judgment of the Appellate Division is affirmed in part and reversed in part, and the judgment of the Law Division is reinstated.

*For affirmance in part; for reversal in part; for reinstatement* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, GARIBALDI and STEIN—6.

*Opposed* —None.