752 A.2d 720 (2000)
331 N.J. Super. 506
Perry FEINBERG, Plaintiff-Respondent,
v.
RED BANK VOLVO, INC., Peter Comito and Michael Jeffers, Defendants-Appellants, and
Volvo International, Inc., Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted May 17, 2000.
Decided June 7, 2000.
*722 Reusille, Mausner, Carotenuto, Barger & Steel, for defendants-appellants (John Mercadante, Red Bank and Ronald T. Catelli, Long Branch, on the brief).
Perry Feinberg, plaintiff-respondent pro se.
Before Judges STERN, KESTIN and WEFING.
*721 The opinion of the court was delivered by WEFING, J.A.D.
Defendants Red Bank Volvo, Inc., Peter Comito and Michael Jeffers (Red Bank Volvo) appeal from a judgment entered against them for $3,073.68 following a bench trial on plaintiff's complaint for violation of the Consumer Fraud Act, N.J.S.A. 56:8-2. Although we have concluded, after a careful review of the entire record, that plaintiff established a consumer fraud violation, we are satisfied that plaintiff, who has appeared pro se throughout this matter, failed to prove he had experienced an "ascertainable loss." N.J.S.A. 56:8-19. We thus reverse the judgment.
On February 20, 1999, plaintiff went to Red Bank Volvo in response to an ad for the dealership that had appeared in the Asbury Park Press the preceding day. The ad stated, in capital letters, "NOW AT RED BANK VOLVO JUST SIGN AND DRIVE." It also said that no money down or security deposit was required, no bank fees would be assessed and that no payment was required the first month. Plaintiff selected a 1999 Volvo S-70 and signed the necessary papers to lease the vehicle for thirty-nine months at $318.60 per month, with a limit of twelve thousand miles a year. Motor vehicle and document fees totaled $210, which plaintiff put on his credit card.
Included among the papers plaintiff executed was a credit application. Plaintiff listed an annual salary of $26,000 at a position he had held for six months. The credit application included a certification that plaintiff had no outstanding judgments against him.
The following day, February 21, 1999, Red Bank Volvo told plaintiff he had not qualified for its leasing program; a credit check disclosed the existence of several outstanding judgments that plaintiff had failed to disclose on the credit application.
Five days later, plaintiff filed his complaint, alleging that Red Bank Volvo had violated the Consumer Fraud Act when it failed to disclose in its ad that its "Sign and Drive" lease program was only available to creditworthy customers.
At trial, plaintiff admitted he had been a lawyer but said he signed the credit application without reading it. He said that several weeks thereafter, his own car broke down and he had to have it towed and repaired and, in addition, rent a replacement vehicle while his was out of commission. He also testified that Red Bank Volvo told him that absent the "Sign and Drive" program he would be charged $495 in bank fees.
The trial court concluded that the ad in question was an affirmative misrepresentation and constituted a consumer fraud because it did not state that participation in the "Sign and Drive" program was contingent upon passing a credit check. The trial court computed damages in the following way. It added the $210 charge plaintiff had put on his credit card during his initial visit, the expenses he incurred when his car broke down and $495 that plaintiff testified he understood he would incur in bank fees in a different leasing program, for a total of $1,024.59. It then trebled that and entered judgment for $3,073.68.[1]
Consumer fraud violations can be divided, broadly, into three categories: affirmative *723 acts, knowing omissions and regulatory violations. Cox v. Sears Roebuck & Co., 138 N.J. 2, 17, 647 A.2d 454 (1994). If a plaintiff demonstrates that a defendant committed a consumer fraud that is an affirmative act, "intent is not an essential element." Ibid. If, however, the alleged consumer fraud is the result of a defendant's omission, "plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud." Id. at 18, 647 A.2d 454. In the final category, regulatory violations, "intent is not an element of the unlawful practice, and the regulations impose strict liability for such violations." Ibid.
As we view this matter, it is unnecessary for us to determine whether we agree with the trial court's conclusion that defendants' failure to include in the ad a statement that the "Sign and Drive" program was subject to a credit check can be considered an affirmative misrepresentation as opposed to a knowing omission, for we are satisfied that it does, indeed, constitute a violation of N.J.A.C. 13:45A-26A.7(a)4. This regulation declares unlawful
[t]he failure to state all disclaimers, qualifiers, or limitations that in fact limit, condition, or negate a purported unconditional offer ... clearly and conspicuously, next to the offer and not in a footnote identified by an asterisk.
Because Red Bank Volvo's ad did not comply with this regulatory directive, the trial court correctly found a consumer fraud.
We are satisfied, however, that the trial court erred when it took up the issue of damages. As the trial court itself stated
Assessing damages though is a very difficult thing to do in this case. I'm not quite sure how to assess damages in this particular situation.
In order to be entitled to damages under the Consumer Fraud Act, a plaintiff must "prove that the unlawful consumer fraud caused his loss." Cox, supra, 138 N.J. at 23, 647 A.2d 454. "[A] causal relationship must exist between the ascertainable loss and the unlawful practice." Roberts v. Cowgill, 316 N.J.Super. 33, 41, 719 A.2d 668 (App.Div.1998). Here, whatever expenses plaintiff incurred when his automobile broke down more than one month later were completely unrelated to the actions of Red Bank Volvo.
Further, although the Court in Cox acknowledged that a plaintiff need not actually expend a sum of money as a result of defendant's unlawful practice in order to demonstrate a loss, the court did not lessen the duty to establish the loss with reasonable certainty. Cox, supra, 138 N.J. at 22, 647 A.2d 454. We consider plaintiff's proofs relating to the alleged bank fees of $495 to be wholly insufficient.
Finally, we turn to the $210 plaintiff put on his credit card for motor vehicle and document fees. There is absolutely no proof in this record that plaintiff demanded cancellation of this charge or reimbursement by defendant prior to filing suit. We consider that a necessary element of proof in a matter such as this.
One aspect of the philosophy behind the statute's trebling feature is to compensate fully a party who is unable to obtain redress without resort to the courts. One should not be able to obtain treble damages, however, if there has not even been a prior demand to be made whole. That is particularly so in the instance of a regulatory violation, for which there is strict liability. Id. at 18, 647 A.2d 454.
The consumer fraud statute is aimed at promoting truth and fair dealing in the market place. To award treble damages to a party who submitted an inaccurate credit application and who never asked, before filing suit, that the charge to his account be reversed, would not further those laudable purposes.
Reversed.
NOTES
[1] We note, merely for completeness, that $1,024.59 x 3 = $3,073.77.