> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-001317-15T1

CITIBANK, NA,

    Plaintiff,

v.

SHERRY DEMETRO,

      Defendant/Third-Party
      Plaintiff-Appellant,

v.

SLATER, TENAGLIA, FRITZ & HUNT, PA,

      Third-Party Defendant-
      Respondent.

_____

      Argued September 12, 2017 — Decided October 2, 2017

      Before Judges Hoffman and Mayer.

      On appeal from Superior Court of New Jersey,
      Law Division, Special Civil Part, Cape May
      County, Docket No. DC-000268-15.

      Christopher Bruschi argued the cause for
      appellant.

      Robert B. Hille argued the cause for
      respondent (McElroy, Deutsch, Mulvaney &
      Carpenter, LLP, attorneys; Mr. Hille, of

counsel; John W. Kaveney and Brooks E. Doyne, on the brief).

PER CURIAM

Defendant/third-party plaintiff Sherry Demetro appeals from orders entered by the Special Civil Part judge on September 17, 2015, and September 18, 2015, dismissing with prejudice her claims against respondent/third-party defendant the Law Firm of Slater, Tenaglia, Fritz & Hunt, P.A. (Slater Tenaglia). Demetro contends dismissal of her third-party complaint against Slater Tenaglia was erroneous for the following reasons: there were genuinely disputed material facts; Slater Tenaglia failed to provide discovery responses; the motion judge relied on matters outside the pleading; and leave to amend her pleading should have been granted prior to dismissal. We agree and, therefore, reverse and remand this case to the trial court.

On March 3, 2015, Citibank, N.A. filed a debt collection case against Demetro in the Special Civil Part.[1] Demetro filed a third-party complaint against Slater Tenaglia alleging it failed to cease collection efforts in violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 (FDCPA).

On December 29, 2014, Slater Tenaglia sent a debt collection letter to Demetro on behalf of Citibank, N.A. On January 12,

_____

[1] Demetro resolved the collection matter with Citibank, N.A.

2                                                          A-1317-15T1

2015, Demetro contested the debt, demanded verification of the debt and instructed Slater Tenaglia to cease collection efforts until it mailed the debt verification in accordance with 15 U.S.C.A. § 1692(g).  On January 20, 2015, Slater Tenaglia received documents purporting to verify Demetro's debt.[2]  However, Slater Tenaglia did not mail the debt verification to Demetro until March 3, 2015, or later.  Slater Tenaglia electronically filed the collection complaint against Demetro at 4:26 p.m. on March 3, 2015.

Demetro alleges that the collection complaint was drafted by an employee of Slater Tenaglia on February 27, 2015.  She argues that preparation of the draft complaint by Slater Tenaglia constituted continuing efforts to collect the debt in violation of the FDCPA.  Demetro also disputes the mailing date of the verification.

Demetro sought discovery to prove her allegation that Slater Tenaglia filed the collection action prior to mailing the debt verification in violation of the FDCPA.  Through discovery

---

[2] Counsel for Slater Tenaglia provided this information at oral argument in response to a question from the panel.

A-1317-15T1

requests, Demetro sought Slater Tenaglia's collection file.[3] Slater Tenaglia did not respond to Demetro's discovery requests.

The parties disputed the date that Slater Tenaglia mailed the debt verification to Demetro. Slater Tenaglia claimed it mailed the debt verification to Demetro on March 2, 2015. Slater Tenaglia's answer to the third-party complaint stated the debt verification was mailed on March 2, 2015. However, Jasmine Garcia, a legal assistant with Slater Tenaglia, submitted a certification dated June 15, 2015, stating March 3, 2015 as the date Slater Tenaglia mailed the debt verification to Demetro. Garcia's certification explained the procedure for handling outgoing mail at Slater Tenaglia and indicated that she deposited the envelope, with postage, in the firm's mail room on March 3, 2015. According to Garcia, outgoing mail from Slater Tenaglia "is collected in bins located in the office mail room. A staff member transports the mail once or twice a day to a mail drop box located in the Mack Cali Centre Complex." Garcia never confirmed her deposit of the envelope into a United States Post Office mail receptacle prior to 4:26 p.m. on March 3 (the time/date the collection

---

[3] We recognize that discovery is limited in Special Civil Part actions due to the expedited nature of the cases. See R. 6:4. However, Rule 6:4-3 permits service of interrogatories, admissions and requests for production of documents in Special Civil Part actions. Depositions in the Special Civil Part are allowed but require a court order. See R. 6:4-4.

complaint was electronically filed with the Special Civil Part). Nor did any other Slater Tenaglia employee personally certify that the debt verification was deposited into a United States Post Office mailbox prior to the filing of the collection action. Demetro contends that the factual dispute as to the mailing of the debt verification was central to her claim against Slater Tenaglia, and therefore, dismissal of the third-party complaint prior to the exchange of discovery was improper.

We apply a de novo standard of review to a trial court's order dismissing a complaint under Rule 4:6-2(e). See Stop & Shop Supermarket Co. v. County of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017). Under the rule, we owe no deference to the motion judge's conclusions. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J. 368 (2011). "[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). "A pleading should be dismissed if it states no basis for relief and discovery would not provide one." Rezem Family Assocs., LP, supra, 423 N.J. Super. at 113 (citing Camden Cty. Energy Recovery Assoc., L.P. v. N.J. Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999)).

The standard "requires an assumption that the allegations of the pleading are true and affords the pleader all reasonable factual inferences." Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002). The court must search the pleading "in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement." Id. at 250. To avoid a dismissal for failure to state a claim, a plaintiff is not required "to prove the case but only to make allegations, which, if proven, would constitute a valid cause of action." Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div.) (quoting Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001)), certif. denied, 185 N.J. 297 (2005). Ordinarily, dismissal for failure to state a claim is without prejudice, and the court has discretion to permit a party to amend the pleading to allege additional facts in an effort to state a claim. See Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (App. Div. 2009).

In this case, Demetro was deprived of discovery responsive to her inquiry as to the date that Slater Tenaglia mailed the debt verification. Demetro specifically requested information concerning debt verification mailing procedures at Slater Tenaglia. Demetro correctly noted that Garcia's certification raised more questions than provided answers and lacked the

requisite personal knowledge, in accordance with Rule 1:6-6, as to the actual mailing of the verification in this case. Absent production of Slater Tenaglia's collection file, Demetro had no way to refute the mailing date. If she had discovery responses, Demetro argues she would substantiate her claim that the debt verification was mailed after the filing of the collection complaint in violation of the FDCPA. Giving Demetro every favorable inference, discovery should have been completed prior to the judge's dismissal with prejudice of the third-party complaint.

Demetro also filed a motion to amend her third-party complaint based upon Slater Tenaglia's inconsistent positions identifying the date it purportedly mailed the verification. While Demetro's motion seeking leave to file an amended pleading was pending before the court, Slater Tenaglia moved for dismissal of the third-party complaint. The motion judge granted Slater Tenaglia's dismissal motion and denied as moot Demetro's motion to amend.

Rule 4:9-1 requires that motions for leave to amend to be granted liberally and without consideration of the ultimate merits of the amendment. See Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500-01 (2006). An opposed motion to amend a pleading to add a new cause of action should be determined under the same standard applicable to a motion to dismiss under Rule 4:6-2(e). See Maxim

Sewerage Corp. v. Monmouth Ridings, 273 N.J. Super. 84, 90 (Law Div. 1993). Because we find that the motion judge erred in dismissing Demetro's third-party complaint pursuant to Rule 4:6-2(e), the motion judge erred in denying as moot Demetro's motion for leave to amend her pleading to include a claim based upon Slater Tenaglia's inconsistencies regarding the date it mailed the debt verification.

Lastly, Demetro contends that the motion judge improperly relied on matters outside the pleadings in dismissing her third-party complaint. Demetro's pleading did not reference Garcia's certification.[4] Yet, the motion judge relied on the certification to conclude that Slater Tenaglia mailed the verification prior to filing the complaint. Because the Garcia certification was not referenced in Demetro's third-party complaint, the trial court was required to treat the motion as one for summary judgment, and Demetro should have been accorded an "opportunity to present all material pertinent to such a motion." R. 4:6-2; see also Wang v. Allstate Ins. Co., 125 N.J. 2, 9 (1991) (trial court properly converted motion pursuant to Rule 4:6-2(e) into a motion for summary judgment due to submission of documents outside the pleadings).

---

[4] Demetro's third-party complaint was filed in April 2015. Garcia's certification was filed two months later.

Reversed as to the dismissal for failure to state a claim and remanded as to leave to amend. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION