**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5654-17T1

HELLENIC GYRO & PITA, LLC,

     Plaintiff-Appellant,

v.

GLOUCESTER COUNTY
UTILITIES AUTHORITY and
MONROE MUNICIPAL
UTILITIES AUTHORITY,

     Defendants-Respondents.

_____

Argued March 12, 2019 – Decided July 10, 2019

Before Judges Hoffman, Suter and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0380-18.

David W. Field argued the cause for appellant (Lowenstein Sandler, LLP, attorneys; David W. Field, of counsel and on the briefs; Michael A. Kaplan and Eric R. Suggs, on the briefs).

Walter F. Kawalec, III, argued the cause for respondent Gloucester County Utilities Authority (Marshall Dennehey Warner Coleman & Goggin, attorneys;

Walter F. Kawalec, III, and Matthew J. Behr, on the brief).

John J. Armano, Jr., argued the cause for respondent Monroe Municipal Utilities Authority (Trimble & Armano, attorneys; John J. Armano, Jr., on the brief).

PER CURIAM

Plaintiff Hellenic Gyro and Pita, LLC appeals from two Law Division orders dismissing its complaint against defendants, the Gloucester County Utilities Authority (GCUA) and the Monroe Municipal Utilities Authority (MMUA), pursuant to Rule 4:6-2(e), for failure to state a claim upon which relief can be granted. Plaintiff also appeals from a subsequent order denying its motion to modify the dismissal from with prejudice to without prejudice. For the reasons that follow, we affirm, but add clarification regarding the scope of the trial court's dismissal with prejudice.

Plaintiff owns a 93,000 square foot commercial building that is currently unoccupied in Monroe Township. Plaintiff incurs ongoing service fees owed to the township for the building's connection to the county's sewer line. Apparently tired of paying these fees, plaintiff's complaint states it informed the MMUA and the GCUA in January and February 2018 of its intent to disconnect from the sewer line. However, plaintiff has never done so – it contacted defendants in an attempt "to ensure that [p]laintiff would not be charged a second connection fee

2

when it ultimately re-connects to the [s]ewer [l]ine."  See Airwick Indus. v. Carlstadt Sewerage Auth., 57 N.J. 107, 122 (1970) (holding that utilities authorities may "include as part of the connection fee a sum of money which will represent a fair contribution by the connecting party toward the debt service charges theretofore met by others," and may also "prescribe a schedule of connection fees escalating with the passage of time").

According to plaintiff's complaint, the MMUA "responded that it believes . . . it will charge [p]laintiff a re-connection fee."  In fact, the response actually stated, "With regard to your reconnection fee question, the MMUA cannot offer any written assurance with regard to a potential charge at some point in the future.  Any such potential fee will undoubtedly be dependent on the facts and circumstances at the time."  Plaintiff then filed its complaint seeking a declaratory judgment "ordering that the [GCUA] and the [MMUA] cannot charge [p]laintiff a re-connection fee greater than the actual costs of re-connection as long as the re-connection is not materially different than the existing condition."  Plaintiff "does not object to paying the actual cost of re-connection," but contends that any fee greater than the actual cost "is contrary to the New Jersey Sewerage Authorities Law," N.J.S.A. 40:14A-1 to -45.

A-5654-17T1

Defendants filed motions to dismiss pursuant to Rule 4:6-2(e), contending that plaintiff's declaratory judgment claim is not ripe for judicial determination. After oral argument, Judge Jean B. McMaster granted defendants' motions. Since it remains undisputed that plaintiff never disconnected its sewer line, and it remains unknown if and when plaintiff would seek to reconnect the line, the judge found plaintiff's complaint "not ripe for adjudication because the relief that's being sought is based . . . on future, contingent, [and] uncertain factors that cannot be determined with any certainty at this time." Judge McMaster then denied plaintiff's motion seeking to amend her with prejudice dismissal orders to without prejudice.

This appeal followed.

I.

Rule 4:6-2(e) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted . . . ." That rule tests "the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989) (citation omitted).

On a motion to dismiss, a plaintiff need not prove the case, but need only "make allegations which, if proven, would constitute a valid cause of action." Kieffer v. High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011) (quoting

4

Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001)). On such a motion, plaintiff is entitled to "every reasonable inference of fact." Printing Mart, 116 N.J. at 746 (citing Indep. Dairy Workers Union v. Milk Drivers & Dairy Emp. Local 680, 23 N.J. 85, 89 (1956)).

A reviewing court must search "the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Di Cristofaro v. Laurel Grove Mem. Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). This review should be "at once painstaking and undertaken with a generous and hospitable approach." Ibid.

## II.

Plaintiff asserts the reason it "has not disconnected [the property's sewer line] is because its re-connection rights have not been adjudicated," and "[t]he entire purpose of . . . the filing of this lawsuit [is] to ensure that [p]laintiff will not have to pay a re-connection fee." Since plaintiff "is currently assessed service fees by the [MMUA], and wishes to disconnect to avoid these fees while the [b]uilding is unoccupied," it contends there exists "a live justiciable right that affects [p]laintiff every day."

A-5654-17T1

The Uniform Declaratory Judgments Act (the Act), N.J.S.A. 2A:16-50 to -62, empowers courts to declare rights, status and other legal relations in order "to afford litigants relief from uncertainty and insecurity." Chamber of Commerce, U.S.A. v. State, 89 N.J. 131, 140 (1982). In order to maintain a declaratory judgment action, the plaintiff must be able to demonstrate a justiciable controversy between adverse parties, and a sufficient interest in the outcome of the dispute to confer standing. Bergen County v. Port of N.Y. Auth., 32 N.J. 303, 307 (1960); In re Ass'n of Trial Lawyers of Am., 228 N.J. Super. 180, 183-84 (App. Div. 1988). Stated differently, the Act "'cannot be used to decide or declare rights or status of parties upon a state of facts which are future, contingent and uncertain.'" Chamber of Commerce, 89 N.J. at 140 (quoting Lucky Calendar Co. v. Cohen, 20 N.J. 451, 454 (1956)).

While the State Constitution does not expressly limit the court's jurisdiction to actual cases and controversies, we do not "render advisory opinions or function in the abstract." Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107 (1971) (citing N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949)).

Based on our review of the record and the applicable law, we conclude plaintiff's arguments lack sufficient merit to warrant extended discussion. R.

2:11-3(e)(1)(E).  Unless and until plaintiff goes forward with disconnecting, and then reconnecting its sewer line, its challenge to the imposition of a fee related to the eventual reconnection process will continue to involve "rights and status of parties upon a state of facts which are future, contingent and uncertain." Chamber of Commerce, 89 N.J. at 140.  For that reason, we affirm substantially for the reasons stated by Judge McMaster in her cogent oral opinion.

Because the parties continue to dispute the scope of Judge McMaster's with prejudice dismissal order, we add the following clarification.  The with prejudice dismissal orders under review decided only the narrow issue presented in plaintiff's complaint, i.e., whether plaintiff was entitled to obtain declaratory relief regarding the imposition of a future connection fee in the event plaintiff disconnects and then seeks to reconnect its sewer line.  As a result, the orders under review would not preclude plaintiff from challenging the imposition of an actual connection fee in the future, or the amount thereof, should plaintiff elect to disconnect and then seek to reconnect its sewer line.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5654-17T1