**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4482-18T2

VICTORIA HOLMES,

    Plaintiff-Appellant,

v.

DAVID MANDELBAUM,
and TOWNE GARDENS INC.,

    Defendants-Respondents.

_____

Submitted April 22, 2020 – Decided May 12, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-5819-19.

Victoria Holmes, appellant pro se.

Ehrlich Petriello Gudin & Plaza, attorneys for respondents (Kevin Girish Desai, on the brief).

PER CURIAM

Plaintiff Victoria Holmes appeals from the dismissal of her complaint against defendants Towne Gardens, Inc. (TGI) and TGI's shareholder, David Mandelbaum. We affirm, substantially for the reasons stated by Judge Jeffrey B. Beacham in his oral opinion of May 24, 2019.

The procedural history and factual background of this matter are outlined in our February 6, 2020 opinion from plaintiff's appeal under Docket No. A-2460-18. Therefore, we provide only a brief overview.

Plaintiff and her family resided at TGI's multi-family property in South Orange for more than ten years. In December 2018, TGI instituted a summary dispossess action against plaintiff based on her failure to pay rent for three consecutive months. At trial, plaintiff did not contest she owed rent for the months of October, November and December 2018, or January and February 2019. Rather, plaintiff alleged TGI did not have standing to file the summary dispossess proceeding. The trial judge rejected her standing argument and entered a judgment of possession in TGI's favor in the sum of $8256, inclusive of rent and fees owed. Plaintiff unsuccessfully moved before the trial court to vacate this judgment.

On February 11, 2019, plaintiff filed a notice of appeal seeking reversal of the judgment of possession. She also moved to stay the eviction. We denied the stay and plaintiff was evicted from her apartment on February 28, 2019.

On February 6, 2020, we affirmed TGI's judgment of possession, rejecting plaintiff's argument that TGI lacked standing. In doing so, we agreed with the trial court that TGI owned the subject premises and was authorized to collect rent from plaintiff and pursue eviction proceedings.

On March 22, 2019, plaintiff filed the underlying complaint in the instant appeal. She sought $15,000 in damages, based on the following allegations: "Unlawful [and] illegal eviction and judgement. Violated rights 31 U.S. Code 3802. Unlawful acts which resulted to obtaining [two] police reports. Court [h]earing filed under fictitious fict[itious] name." TGI and Mandelbaum moved to dismiss the complaint pursuant to Rule 4:6-2(e).

On May 24, 2019, Judge Beacham conducted oral argument on defendants' dismissal motion. Plaintiff testified that her eviction was retaliatory and stemmed from previous complaints that she lodged with local authorities about the habitability of her apartment. She also conceded she had no personal conversations with Mandelbaum but had "sent certified mail directly" to him regarding her tenancy.

A-4482-18T2

Defendants' counsel argued plaintiff failed to plead facts in sufficient detail to hold either defendant liable and that to the extent plaintiff alleged fraud, her allegations lacked specificity, contrary to Rule 4:5-8. Defendants' counsel also highlighted plaintiff's concession that she had no personal interaction with Mandelbaum other than sending mail to him.

Following oral argument, Judge Beacham dismissed plaintiff's complaint against Mandelbaum with prejudice and her complaint against TGI without prejudice, due to plaintiff's pending appeal under Docket No. A-2460-18. On the instant appeal, plaintiff argues the judge erred by granting defendants' dismissal motion. We disagree.

A court must dismiss a complaint if a plaintiff has failed to articulate a legal basis entitling that party to relief. Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (citing Camden County Energy Recovery Assocs., L.P. v. New Jersey Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999)). "A motion to dismiss a complaint under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted must be evaluated in light of the legal sufficiency of the facts alleged in the complaint." Donato v. Moldow, 374 N.J. Super. 475, 482 (App. Div. 2005). A plaintiff is obliged "not to prove the case but only to make allegations, which, if proven, would constitute a valid cause of

action." Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001). When considering a Rule 4:6-2(e) motion to dismiss, a trial court must thoroughly review a complaint to see if a cause of action can be gleaned even from obscure statements.

We review a motion to dismiss under the same standard as the trial court, considering and accepting as true the facts alleged in the complaint, to determine whether a plaintiff has advanced a claim upon which relief can be granted. Sickles, 379 N.J. Super. at 106 (citing Donato, 374 N.J. Super. at 483).

Given our standard of review, we perceive no reason to disturb Judge Beacham's May 24, 2019 order. The record provides ample evidence to support the judge's findings that there was no legal basis for plaintiff to recover against Mandelbaum and that she had no cognizable claim against TGI.

To the extent we have not addressed plaintiff's other arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4482-18T2