**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3101-23

TODD EADDY,

    Plaintiff-Appellant,

v.

FEDERAL REALTY OP LP,

    Defendant-Respondent.

_____

Argued September 10, 2025 – Decided October 2, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0887-24.

Todd Eaddy, appellant, argued the cause pro se.

Scott I. Unger argued the cause for respondent (Stark & Stark, PC, attorneys; Scott I. Unger, of counsel and on the brief).

PER CURIAM

    Plaintiff Todd Eaddy appeals from a May 24, 2024 order granting defendant's motion to dismiss his complaint with prejudice. We affirm.

I.

In May 2021, defendant Federal Realty OP LP ("Federal") entered into a lease agreement with Lit Deliveries, LLC ("Lit") to rent space for operation of a pizzeria at defendant's shopping center in Cherry Hill. Toward that end, plaintiff executed a guarantee, agreeing to be personally liable for Lit's payment obligations under the lease. Within one year of executing the lease, Lit fell behind in its rent obligations and defaulted. In May 2022, defendant filed a summary dispossession action in the Special Civil Part. Following trial on the merits in July 2022, the court entered a judgment of possession in favor of Federal, assessing arrears at $32,924.85.

The following month, counsel on behalf of Lit and Eaddy filed a civil complaint against Federal under docket number CAM-L-2384-22, alleging, among other causes of action, unlawful eviction and breach of contract. Federal counterclaimed, including a breach-of-contract claim against Eaddy as signator of the guarantee. After the court granted a motion to withdraw filed by counsel for Lit and Eaddy, Eaddy moved without counsel to amend the complaint to include a claim for intentional infliction of emotional distress ("emotional distress"). The trial court denied the motion on March 5, 2024.

A-3101-23

On March 21, 2024, Eaddy filed a new Law Division action against Federal under docket number CAM-L-0887-24, claiming Federal had caused him emotional distress. In the complaint form he completed and signed, Eaddy alleged that on October 1, 2021, the following occurred:

> A few months after receiving the keys[,] [Federal] began to harass, oppress, bully, and intimidate [p]laintiff. As a result, [p]laintiff visited and began to receive treatment, medical attention, and medication in February 2022.
>
> . . . .
>
> The harm that occurred as a result of [d]efendant's acts include the following damages and injuries: severe emotional distress, physical pain, depression, anxiety, stress, and prescribed several medications since February 2022 to date.

Federal moved to dismiss the complaint. Defendant advanced several arguments in support of its motion. First, defendant observed that when filing the complaint, Eaddy had falsely certified under Rule 4:5-1(b)(2) that there was no other pending action concerning the same subject, even though the case under docket number CAM-L-2384-22 was still pending. Defendant argued the existence of a pending matter whose subject related to the same dispute contravened plaintiff's certification, meriting dismissal.

3

Second, defendant argued collateral estoppel applied based on the pre-existence of an attendant action in which plaintiff's emotional distress claim had been barred by the trial court. Third, defendant contended the entire controversy doctrine precluded suit in that plaintiff was required to raise all transactionally-related claims in the same action before a single court for adjudication. Fourth, defendant posited that plaintiff did not have standing to bring the action for emotional distress. This argument focused on Eaddy's status as that of personal guarantor for Lit, not an actual party to the lease agreement. As a guarantor, defendant contended, plaintiff "did not have standing to bring claims" against Federal that belong to Lit. Fifth, defendant maintained the economic loss doctrine barred relief for emotional distress, a tort action, where the losses concerned arose from the other party's purported breach of contract. Defendant contended that because Eaddy's claim for emotional distress was rooted in conduct that occurred "after [his] receiving the keys" to the premises, it is inextricably tied to the breach-of-contract claim based on the lease, precluding advancement of a tort claim. Sixth and finally, defendant argued the complaint was insufficient in that its allegations were conclusory, did not describe specific actions constituting harassment, nor did it designate the approximate time or date of those actions.

A-3101-23

At oral argument before the same judge who had denied the motion to amend in the companion case under docket number CAM-L-2384-22, Eaddy contended the economic loss doctrine did not apply, stressing he had brought the new complaint on his own behalf rather than on behalf of a corporate entity. Thus, the gravamen of the complaint had "nothing to do with the contract." Plaintiff also represented he had medical records and bills to support his damage claim.

In her ruling immediately following argument on May 24, 2024, the judge rejected plaintiff's argument, citing both the entire controversy and economic loss doctrines:

> You can't sue for tort claim with somebody who you have a contract with. It's the entire . . . controversy [doctrine] . . . . In addition, under the other doctrine of economic loss, you are not -- you cannot get a recovery in tort where the relief appropriately is pursuant to the contract. This is about the contract. So, I . . . said this before, the reason why I didn't allow you to amend your complaint was twofold and one, it was because of the economic loss doctrine, which prevents a party from seeking recovery in tort when the relief lies appropriately pursuant to the contract law and two, . . . the corporation itself obviously doesn't have feelings. So, you can't have a tort with respect to the corporation.

Further articulating her reasons for granting the motion to dismiss, the judge addressed the collateral estoppel argument, finding:

> It . . . is inappropriate for you to file a separate action on something that I already dismissed on the main action. The doctrine of collateral estoppel prevents a party from relitigating a matter that was identical to the issue decided, which I already did. The issue was actually decided and I . . . had a decision. I dismissed those counts -- I didn't allow you to amend the complaint [to allege emotional distress].

The judge did not reach defendant's arguments on Rule 4:5-1(b)(2), standing, or purported insufficiency of the complaint.

On appeal, plaintiff argues the court erred in dismissing his emotional-distress complaint given that he had sought medical attention and had received a diagnosis sufficient to support a claim for emotional distress. Plaintiff argues also that the court should not have applied the economic loss doctrine in barring his emotional-distress claim.

## II.

Rule 4:6-2(e) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted . . . ." The Rule tests "the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). In so doing, we accept the facts alleged in the complaint as true, granting plaintiff "every reasonable inference of fact." Major v. Maguire, 224 N.J. 1, 26 (2016) (quoting Printing Mart, 116 N.J. at 746). To defeat a Rule 4:6-2(e) motion, a plaintiff

need not prove their case but only need establish that the complaint contains "allegations which, if proven, would constitute a valid cause of action." Kieffer v. High Point Ins. Co., 422 N.J. Super. 38, 43 (App. Div. 2011) (quoting Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001)).

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (internal citations omitted). We will affirm the dismissal of a "complaint if it has failed to articulate a legal basis entitling plaintiff to relief." Sickles v. Cabot Corp., 379 N.J. Super. 100, 103 (App. Div. 2005).

We are satisfied that the trial court ruled correctly in dismissing plaintiff's complaint with prejudice on the basis of the entire controversy doctrine. "The entire controversy doctrine generally requires parties to an action to raise all transactionally related claims in that same action." Francavilla v. Absolute Resols. VI, LLC, 478 N.J. Super. 171, 178 (App. Div. 2024) (quoting Largoza v. FKM Real Est. Holdings, Inc., 474 N.J. Super. 61, 79 (App. Div. 2022)) (internal quotation marks omitted), certif. denied, 259 N.J. 319 (2024). That "mandate encompasses not only matters actually litigated but also other aspects of a controversy that might have been litigated and thereby decided in an earlier

action." Id. at 179 (quoting Higgins v. Thurber, 413 N.J. Super. 1, 12 (App. Div. 2010)).

The entire controversy doctrine serves "three fundamental purposes: '(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.'" Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)). "[B]ecause the entire controversy doctrine is an equitable principle, its applicability is left to judicial discretion based on the particular circumstances inherent in a given case." Francavilla, 478 N.J. Super. at 179 (alteration in original) (quoting Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 323).

Here, the doctrine squarely applies. The emotional-distress claim plaintiff seeks to litigate in this case was raised in the companion case under docket number CAM-L-2384-22 in his motion to amend. By seeking to amend the complaint in that case to add an emotional-distress claim, plaintiff indicated his belief the emotional-distress claim was "transactionally related" to the other claims in that case. Francavilla, 478 N.J. Super. at 178. Our de novo review confirms that relationship. The court denied the motion to amend. To challenge

8

that ruling, it was incumbent on plaintiff to move for leave to appeal the order denying his motion, see R. 2:2-4, or to appeal the order on entry of a final judgment, see R. 2:2-3, rather than attempt to resuscitate his claim through a new filing. We thus find no error in the trial court's decision to dismiss the complaint based on the entire controversy doctrine.

Because we affirm the May 24, 2024 dismissal order on that basis, we do not address the court's other reasons for dismissing the complaint or the other arguments defendant made in support of the dismissal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division