NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────────────

No. 14-4463

─────────────

CYDNEE PHOENIX,

Appellant

v.

U.S. HOMES CORPORATION,
doing business as
LENNAR HOMES

─────────────

Appeal from the United States District Court
for the District of New Jersey
(D. C. No.1-14-cv-01615)
District Judge:  Honorable Joseph H. Rodriguez

─────────────

Submitted under Third Circuit LAR 34.1(a)
on July 10, 2015

Before: FUENTES, NYGAARD and ROTH, Circuit Judges

(Opinion filed: October 20, 2015)

─────────────

OPINION*

─────────────

ROTH, Circuit Judge

───────────────────

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cydnee Phoenix appeals the District Court's dismissal of her complaint alleging fraudulent misrepresentation, nondisclosure, and violation of state consumer protection statutes arising from the purchase of a home across the street from an unruly neighbor. We will affirm, largely for the reasons stated by the District Court.

**I.**

In September 2013, Phoenix visited Cedar Point to view a property built and developed by Lennar Homes. As Lennar's sales agent, Ray DeChristie, was showing her the property, a resident from across the street, Kevin Potter, approached them and told Phoenix "not to let Lennar do to you what they have done to us." Phoenix asked DeChristie "whether there was a problem with Potter." DeChristie "responded that there was no problem" and "implied that Mr. Potter was no longer eligible for [warranty repair] services as a result of the time that had passed since his house was purchased." Phoenix later learned that "Potter was no longer receiving services as a result of [his] harassing, hostile and volatile interactions with [Lennar's] agents, employees and/or workers."

On September 21, 2013, Phoenix signed the Agreement of Sale for the property. On October 1, 2013, before Phoenix closed on the house and without her knowledge, Lennar sent a letter to Potter's wife demanding that Potter not park his cars in front of Phoenix's property and driveway. The letter also demanded that Potter "cease and desist from taking any further actions which may interfere with Lennar conducting its business or may be considered an invasion of the privacy of any New Home Owner." Phoenix alleged that the letter caused Potter to retaliate against her by engaging in a pattern of harassing conduct. On November 12, 2013, due to Potter's volatile behavior, Phoenix

2

and her sister filed criminal complaints for harassment against Potter. Phoenix also hired a security guard.

On December 23, 2013, Phoenix brought this suit, alleging that Lennar fraudulently concealed and misrepresented Potter's harassing, hostile, and volatile behavior. Phoenix asserted claims for fraud, equitable fraud, negligent misrepresentation and omission, violation of the New Jersey Consumer Fraud Act, violation of the Planned Real Estate Development Full Disclosure Act, and negligent infliction of emotional distress. According to Phoenix, once Lennar elected to speak, via DeChristie, about Potter, Lennar had a legal duty to speak the truth. Phoenix also alleged emotional distress and claimed that her home suffered a diminution in value because she would have to disclose Potter's behavior to any potential future buyers.

## II.[1]

To establish a common law fraud claim based on an affirmative misrepresentation, Phoenix must show "a material misrepresentation by the defendant of a presently existing fact or past fact; knowledge or belief by the defendant of its falsity; an intent that the plaintiff rely on the statement; reasonable reliance by the plaintiff; and resulting damages to the plaintiff."[2] The elements of equitable fraud are similar, except "knowledge of the

---

[1] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011). We review the denial of a motion for leave to amend the complaint for abuse of discretion. *See Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 160 (3d Cir. 1998).
[2] *Liberty Mut. Ins. Co. v. Land*, 892 A.2d 1240, 1247 (N.J. 2006).

falsity and an intention to obtain an undue advantage therefrom," is not required.[3]  To establish a New Jersey Consumer Fraud Act claim, Phoenix must show a "misrepresentation . . . in connection with the sale or advertisement of . . . real estate, . . . whether or not any person has in fact been misled, deceived or damaged thereby . . . ."[4] "The misrepresentation has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase."[5]

Phoenix's fraud, CFA, and PREDFDA[6] claims based on Lennar's affirmative misrepresentations fail because she did not establish that Lennar's agent, DeChristie, made a statement of fact that is false.[7]  DeChristie's comment that there was no problem with Potter left Phoenix with the impression that she should not be concerned about Potter.  But the comment was not a fact.  At best, it was an idle comment conveying DeChristie's opinion about Potter and the degree of risk Potter posed.[8]  Likewise, Lennar's advertisements about the "wonderful lifestyle" and integrity of Cedar Point are

---

[3] *Jewish Cntr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 524 (N.J. 1981).

[4] N.J.S.A. § 56:8-2.

[5] *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 366 (N.J. 1997) (quotation marks omitted).

[6] Under PREDFDA, "[a]ny developer disposing of real property subject to this act, . . . who in disposing of such property makes an untrue statement of material fact or omits a material fact . . . from any public offering statement, . . . shall be liable to the purchaser . . .."  N.J.S.A. § 45:22A-37(a).

[7] We need not resolve the question of whether Phoenix sufficiently pled a fraud claim under Rule 9(b) because she failed to state a plausible claim for relief under the more lenient standard of Rule 8.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *See Gennari*, 691 A.2d at 366 (differentiating material misrepresentations from "idle comments or mere puffery").

4

not actionable because they were "puffery," not actionable misrepresentations of fact.[9] To the extent the comment about Potter's ineligibility for services was a fact, we agree with the District Court that it was not material.

Phoenix's nondisclosure claims fail because Lennar had no duty to disclose off-site social conditions, such as the personality traits of a neighbor. While Lennar had a duty to disclose off-site conditions that are material to the transaction,[10] it had no "duty to investigate or disclose transient social conditions in the community that arguably affect the value of the property."[11] Moreover, the duty to disclose extended to "off-site physical conditions *known* to [the seller] and unknown and not readily observable by the buyer."[12] Here, as the District Court noted, DeChristie did not know that Potter was going to be hostile to his neighbors. Potter's behavior was also readily observable to Phoenix when she was visiting the property.

---

[9] *See Rodio v. Smith*, 587 A.2d 621, 624 (N.J. 1991) (the slogan "You're in good hands with Allstate" was "nothing more than puffery" and was thus not "a deception, false promise, misrepresentation, or any other unlawful practice within the ambit of the Consumer Fraud Act").

[10] *See Tobin v. Paparone Constr. Co.*, 349 A.2d 574, 578 (N.J. Super. Ct. 1975) (finding a developer liable for failure to disclose to a purchaser that an adjoining lot owner intended to construct a tennis court with a ten-foot high fence within one foot of the common boundary line).

[11] *Strawn v. Canuso*, 657 A.2d 420, 431 (N.J. 1995), *superseded on other grounds by*, N.J.S.A. § 46:3C-10.

[12] *Id.* (emphasis added).

Because Lennar did not owe Phoenix a duty of care to disclose information regarding Potter's conduct, Phoenix cannot state a claim for negligent misrepresentation and omission or negligent infliction of emotional distress.[13]

### III.

For the foregoing reasons, we will affirm the District Court's judgment.[14]

---

[13] *See Monaco v. Hartz Mountain Corp.*, 840 A.2d 822, 833 (N.J. 2004) ("whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy" (citation omitted)); *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122, 1128 (N.J. 1989) (whether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that "the tortious conduct will cause genuine and substantial emotional distress or mental harm to average persons"). To the extent Phoenix's emotional distress claim is based on Lennar's October 1 letter to Potter, we do not believe that Lennar's conduct in sending the letter was negligent.

[14] We also conclude that the District Court did not abuse its discretion in denying Phoenix's motion to amend her complaint.