**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1128-22

BRUNO TEIXEIRA,

    Plaintiff-Appellant,

v.

ONOFRIO TRIARSI,

    Defendant-Respondent.

_____

Argued March 19, 2024 – Decided May 1, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2547-18.

Alfred C. Constants III argued the cause for appellant (Constants Law Offices, LLC, attorneys; Alfred C. Constants III, on the briefs).

Eric I. Abraham argued the cause for respondent (Hill Wallack LLP, attorneys; Eric I. Abraham and Francesca Ann Arcure, on the brief).

PER CURIAM

Plaintiff Bruno Teixeira appeals from the Law Division's November 17, 2022 order dismissing his claims under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -229, and the jury's verdict in favor of defendant Onofrio Triarsi. We affirm.

I.

In or around 2011, plaintiff developed an interest in renting defendant's commercial property in Elizabeth to open a restaurant onsite. Plaintiff drafted a business plan that included renovating the existing building on the property and employing a restaurateur to run the restaurant. He also hired an architect to prepare plans for updates to the property, which included renovating bathrooms, installing new floors, replacing electric and plumbing, painting and repairing the exterior, repaving the parking lot, and installing a larger exhaust system. The architect fully inspected the property and took measurements before he drafted the plans. Plaintiff also walked through the property two to three times with defendant's office manager and was aware the electric and plumbing did not meet city code requirements.

On April 1, 2012, plaintiff and defendant entered into a five-year lease agreement, which plaintiff had downloaded from the internet, to rent the property for $3,000 a month. The lease contained a provision making plaintiff

responsible for all costs of any improvements to the property and obtaining any necessary permits and approvals.

Plaintiff did not submit plans to the City of Elizabeth for its approval until July 2012, after he had commenced demolition of an addition to the building, with the intent to rebuild in its footprint. In September 2012, the city rejected the plans to replace the addition because it had improperly been constructed directly on the parking lot without a permit. At that point, plaintiff had already demolished ninety percent of the addition. Because he could not rebuild where the illegal addition had been, the building's interior usable space was reduced somewhere between forty and fifty percent.

Although plaintiff and his architect were aware of the addition to the building, plaintiff was not advised by defendant or his office manager that it had been constructed without a permit. Upon hearing about the city's rejection, defendant advised plaintiff he would address the issue with the city, but a few months later changed his mind.

Plaintiff stopped paying rent in September 2012 but continued to renovate the property. The city granted a certificate of occupancy in 2015 and approved a health inspection in February 2016. Plaintiff opened the restaurant but it failed to be profitable.

A-1128-22

At the expiration of the lease in February 2017, defendant filed a complaint to remove plaintiff from the property. A year later, the court entered a warrant for removal and plaintiff was removed from the property.

In July 2018, plaintiff filed a complaint against defendant alleging violations of the CFA, common law fraud, breach of good faith and fair dealing, breach of contract and unjust enrichment. Defendant filed an answer and counterclaim seeking unpaid rent, real estate taxes and loan balance, to which plaintiff filed an answer. The matter proceeded to arbitration, which resulted in an award of $95,348.05 to defendant, and plaintiff requested a trial de novo.

Defendant moved for summary judgment and plaintiff cross-moved for summary judgment. After hearing argument on March 6, 2020, the court denied both motions, finding there were genuine issues of material facts.

On March 27, 2020, the court partially granted defendant's motion for reconsideration, entering summary judgment in favor of defendant for plaintiff's non-payment of rent from February 2016 through 2018. The court denied summary judgment as to the remainder of the timeframes alleged in defendant's complaint and as to any exact amount owed.

On November 15, 2022, trial was conducted before Judge John G. Hudak and a jury. Plaintiff testified as his only witness. He conceded that prior to

4

entering into the lease, he had full access to the property and an opportunity to review the city's records but chose not to do so. He also testified he never discussed the lease, square footage, addition, or compliance with building codes with defendant. He further conceded defendant had no knowledge that the addition was built without the requisite permits.

At the close of plaintiff's case, defendant moved to dismiss plaintiff's complaint pursuant to Rule 4:37-2(b). The trial court dismissed plaintiff's CFA and common law fraud claims:

> [D]rawing all inferences to the plaintiff, [he] says [defendant] was shocked and surprised, he did[ not] know about that the addition was illegal. And I believed him. His quote, I believed him.
>
> So plaintiff is saying, I believe [defendant] did[ not] know about it, did[ not] know it was[ not] done properly, that the prior tenant did[ not] do what he was supposed to do . . . So even on that theory both common law fraud and the [CFA] fails.

The court permitted the remainder of plaintiff's claims to proceed.

Defendant testified he was unaware the prior tenant built the addition without a permit, because the lease required the tenant to obtain the necessary permits. After the close of defendant's case, the trial court read the applicable model jury charges to the jury. With regard to the dismissed counts, the court read the following instruction, to which plaintiff did not object:

5

Now early on in the trial, you may remember there were claims asserted that I told you about early in the initial instructions, and the attorneys told you earlier, claims that [are] asserted by the plaintiff for violations of the [CFA] for fraud and misrepresentation. However, those issues have been resolved, and they are not to be considered by you. They have been resolved by the parties and the [c]ourt. They are no longer matters for your consideration.

The jury returned a unanimous verdict in favor of defendant, and the court entered an order granting judgment for defendant in the amount of $133,000. This appeal follows.

II.

We review an order on a defendant's motion for involuntary dismissal, Rule 4:37-2(b), employing the same standard as the trial court. Filgueiras v. Newark Pub. Sch., 426 N.J. Super. 449, 455 (App. Div. 2012). "Under Rule 4:37-2(b), a motion for [an involuntary dismissal] is granted only if, accepting the plaintiff's facts and considering the applicable law, 'no rational [factfinder] could draw from the evidence presented' that the plaintiff is entitled to relief." Prioleau v. Ky. Fried Chicken, Inc., 434 N.J. Super. 558, 569 (App. Div. 2014) (quoting Pitts v. Newark Bd. of Educ., 337 N.J. Super. 331, 340 (App. Div. 2001)). If reasonable minds could reach different conclusions, the motion must be denied. Id. at 570.

We first turn to plaintiff's contention the trial court erred by dismissing the CFA count. "[T]he [CFA] requires an 'unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment of any material fact.'" Rodio v. Smith, 123 N.J. 345, 352 (1991) (citing N.J.S.A. 56:8-2). The CFA covers sales of real estate, and it prohibits fraud, misrepresentations, knowing omissions, or any other "commercial practice that is unconscionable," even if no person "has in fact been misled, deceived or damaged thereby." N.J.S.A. 56:8-2.

Violations of the CFA may be established through: (1) an affirmative misrepresentation by defendant; (2) a defendant's knowing and intentional omission or failure to disclose a material fact; or (3) "violations of specific regulations promulgated under the [CFA]." Monogram Credit Card Bank of Ga. v. Tennesen, 390 N.J. Super. 123, 133 (App. Div. 2007) (quoting Cox v. Sears Roebuck & Co., 138 N.J. 2, 18 (1994)).

"[W]hen the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud." Cox, 138 N.J. at 17-18. However, if "the alleged consumer-fraud violation consists of an affirmative act, intent is not an essential

element and the plaintiff need not prove that the defendant intended to commit an unlawful act." Ibid.

Plaintiff argues the trial court erred in finding there was no evidence of misrepresentation and in failing to consider defendant's omission of the illegal addition, which should have been presented to the jury. We disagree because the trial court correctly decided no rational jury could find plaintiff was entitled to relief. Whether the claim was based on an affirmative statement or an omission is irrelevant because both theories require a plaintiff to establish defendant had knowledge of a material fact. Ibid. Here, plaintiff plainly conceded defendant was unaware the addition had been constructed without permits, and this admission was fatal to either avenue of his CFA claim.

Second, plaintiff argues the jury charge "created" the fact the CFA count had been resolved, which caused the jury to wrongly conclude plaintiff already recovered money from defendant, rendering his remaining claims superfluous. He also asserts the judge read a different version of the jury charge than what had been agreed on by counsel; specifically, the judge added the last two sentences to the charge: "They have been resolved by the parties and the [c]ourt. They are no longer matters for your consideration."

A-1128-22

"[N]ot every improper jury charge warrants reversal and a new trial. 'As a general matter, [appellate courts] will not reverse if an erroneous jury instruction was "incapable of producing an unjust result or prejudicing substantial rights."'" Prioleau, 223 N.J. at 257 (alteration in original) (quoting Mandal v. Port Auth. of N.Y. & N.J., 430 N.J. Super. 287, 296 (App. Div. 2013)).

When a defendant fails to object to an error regarding jury charges, we review for plain error. State v. Singleton, 211 N.J. 157, 182-83 (2012). Plain error is error that "was 'clearly capable of producing an unjust result,' Rule 2:10-2; that is, whether there is 'a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached.'" State v. Dunbrack, 245 N.J. 531, 544 (2021) (quoting State v. Funderburg, 225 N.J. 66, 79 (2016)). "Relief under the plain error rule, Rule 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

Here, the trial court advised the jury the CFA and common law fraud claims had been resolved by the parties and the court and were not to be considered by the jury. Nothing in this instruction indicated how or why the claims had been resolved, whether the court had dismissed the claims to

9

plaintiff's detriment or the parties had settled them to his benefit. Contrary to plaintiff's contention, the charge did not create a false impression that plaintiff had recovered money; it was neutral and factual, and not clearly capable of producing an unjust result.

To the extent we have not expressly addressed any issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1128-22